# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **DAINGEAN TECHNOLOGIES LTD.,** | |
| **Plaintiff,** | Civil Action No.  2:23-cv-00123-JRG |
| **vs.** | |
| **AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC AND AT&T SERVICES INC.,** | **JURY TRIAL DEMANDED** |
| **Defendants,** | |
| **ERICSSON INC.,** | |
| **Intervenor.** | |

**ERICSSON INC.'S ANSWERS IN INTERVENTION, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF DAINGEAN TECHNOLOGIES LTD.'S
COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 24(c), Intervenor Ericsson Inc. ("Ericsson")

files this Answer in Intervention, Affirmative Defenses, and Counterclaims to Plaintiff Daingean

Technologies Ltd.'s ("Daingean") Complaint against Defendants AT&T Corp., AT&T Mobility

LLC, AT&T Mobility II LLC, and AT&T Services Inc. (collectively "AT&T" or "Defendants")

("Complaint").[1]

**SCOPE OF ERICSSON'S ANSWER IN INTERVENTION**

Ericsson's intervention in this case is limited to defending AT&T from and against claims

---

[1] Plaintiff's Complaint also included claims against AT&T Inc. and AT&T Communications LLC. The parties have, however, filed a joint stipulation pursuant to Fed. R. Civ. P. 41(a) dismissing these entities. As used herein, the terms "AT&T" and "Defendants" do not include AT&T Inc. or AT&T Communications, LLC.

arising out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to AT&T.  Accordingly, any admissions or denial in this Answer is likewise limited.  To the extent that Daingean's claims and allegations do not arise out of or in connection with, in whole or in part, the products, software, service, or other information Ericsson provides to AT&T, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same.

## **GENERAL DENIAL**

Except as expressly admitted below, Ericsson denies each and every allegation set forth in the Complaint.  Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

## **THE PARTIES**

1. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies these allegations.

2. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies these allegations.

3. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies these allegations.

4. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies these allegations.

5. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies these allegations.

6. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies these allegations.

7.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies these allegations.

8.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies these allegations.

## NATURE OF ACTION

9.      Ericsson admits that Daingean alleges in its Complaint infringement of U.S. Patent Nos. 8,576,803 ("the '803 Patent"), U.S. Patent No. 10,484,976 ("the '976 Patent"), U.S. Patent No. 10,841,958 ("the '958 Patent"), U.S. Patent No. 10,932,207 ("the '207 Patent"), U.S. Patent No. 11,134,400 ("the '400 Patent") and U.S. Patent No. 11,196,509 ("the '509 Patent") (collectively, the "Asserted Patents"), arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.  Ericsson denies any and all allegations of infringement and all other allegations in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.      To the extent Daingean purports to bring a civil action arising under the patent laws of the United States, Ericsson does not contest, for purposes of this case only, subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Ericsson specifically denies the legal sufficiency of Daingean's claims and allegations, and further denies that Daingean has any viable claim thereunder.  To the extent Daingean does not have substantially all rights in the Asserted Patents, Ericsson also specifically denies that Daingean has standing to bring this lawsuit, and thus denies that this Court has subject matter jurisdiction over this dispute.

11.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies these allegations.

12.      Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies these allegations.

13.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies these allegations.

14.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies these allegations.

15.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 15 of the Complaint, and therefore denies these allegations.

16.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies these allegations.

17.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 17 of the Complaint, and therefore denies these allegations.

18.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies these allegations.

19.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies these allegations.

20.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 20 of the Complaint, and therefore denies these allegations.

21.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 21 of the Complaint, and therefore denies these allegations.

22.     The allegations in Paragraph 22 contain legal conclusions to which no response is required. To the extent a response is required, Ericsson denies the allegations in Paragraph 22.

23.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies these allegations.

24.     The allegations in Paragraph 24 contain legal conclusions to which no response is required. To the extent a response is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies these allegations.

25.     The allegations in Paragraph 25 contain legal conclusions to which no response is required. To the extent a response is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies these allegations.

26.     The allegations in Paragraph 26 contain legal conclusions to which no response is required. To the extent a response is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies these allegations.

27.     The allegations in Paragraph 27 contain legal conclusions to which no response is required. To the extent a response is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies these allegations.

28.     The allegations in Paragraph 28 contain legal conclusions to which no response is required. To the extent a response is required, lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies these allegations.

29.     The allegations in Paragraph 29 contain legal conclusions to which no response is required. To the extent a response is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies these allegations.

## **BACKGROUND**

30.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies these allegations.

31.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies these allegations.

32.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies these allegations.

33.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies these allegations.

34.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies these allegations.

35.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and therefore denies these allegations.

36.     Ericsson admits that 5G refers to the fifth generation of cellular technology, some of which involved standardization work performed by the "Third Generation Partnership Project" or "3GPP." Ericsson  further admits that Daingean purports to quote from 3GPP's website. The content on this website speaks for itself. To the extent that a response is required, Ericsson lacks sufficient knowledge and information to admit or deny the other allegations contained in Paragraph

36 and therefore denies them.

37.     Ericsson admits that Daingean purports to quote and reference 3GPP's website. The content on this website speaks for itself. To the extent that a response is required, Ericsson lacks sufficient knowledge and information to admit or deny the other allegations contained in Paragraph 37 and therefore denies them.

38.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies these allegations.

39.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore denies these allegations.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,576,803

40.     Ericsson incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

41.     Ericsson admits that, on its face, the '803 Patent is titled "Communication System." Ericsson further admits that, on its face, a patent bearing U.S. Patent No. 8,576,803 appears to bear an issue date of November 5, 2013.

42.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore denies these allegations.

43.     Ericsson admits that Daingean purports to characterize the '803 Patent. To the extent a response is required, Ericsson denies the allegations contained in Paragraph 43.

44.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 44 of the Complaint, and therefore denies these allegations.

45.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use

of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 45 of the Complaint, and therefore denies these allegations.

46.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 46 of the Complaint, and therefore denies these allegations.

47.     Ericsson admits that Daingean purports to quote Claim 1 of the '803 Patent, which speaks for itself.

48.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 48 of the Complaint, and therefore denies these allegations.

49.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and therefore denies these allegations.

50.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and therefore denies these allegations.

51.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and therefore denies these allegations.

52.     Ericsson admits that Paragraph 52 purports to include an image from TS 38.300, which speaks for itself.  Ericsson otherwise denies the allegations in Paragraph 52.

53.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and therefore denies these allegations.

54.     Ericsson admits that Paragraph 54 purports to quote from and reference a third-party website, which speaks for itself. Ericsson otherwise denies the allegations in Paragraph 54.

55.     Ericsson admits that Paragraph 55 purports to describe the contents of TS 38.211, which speaks for itself. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 55 of the Complaint, and therefore denies these allegations.

56.     Ericsson admits that Paragraph 56 purports to describe an image on a third-party website, which speaks for itself. Ericsson otherwise denies the allegations in Paragraph 56.

57.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 57 of the Complaint, and therefore denies these allegations.

58.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 58 of the Complaint, and therefore denies these allegations.

59.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 59 of the Complaint, and therefore denies these allegations.

60.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 60 of the Complaint, and therefore denies these

allegations.

61.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 61 of the Complaint, and therefore denies these allegations.

62.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's making, using, and selling of Ericsson's equipment or by directing others to make, use, or sell Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 62 of the Complaint, and therefore denies these allegations.

63.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 63 of the Complaint, and therefore denies these allegations.

64.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 64 of the Complaint, and therefore denies these allegations.

65.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's selling, offering for sale, and/or importing into the United States Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 65 of the Complaint, and therefore denies these allegations.

66.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use

of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 66 of the Complaint, and therefore denies these allegations.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,484,976

67.     Ericsson incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

68.     Ericsson admits that, on its face, the '976 Patent is titled "Signaling, Procedures, User Equipment and Base Stations for Uplink Ultra Reliable Low Latency Communications." Ericsson further admits that, on its face, a patent bearing U.S. Patent No. 10,484,976 appears to bear an issue date of November 19, 2019.

69.     Ericsson admits that Daingean purports to characterize the '976 Patent. To the extent that a response is required, Ericsson denies the allegations contained in Paragraph 69.

70.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 70 of the Complaint, and therefore denies these allegations.

71.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 71 of the Complaint, and therefore denies these allegations.

72.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 72 of the Complaint, and therefore denies these allegations.

73.     Ericsson admits that Daingean purports to quote Claim 2 of the '976 Patent, which speaks for itself.

74.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 74 of the Complaint, and therefore denies these allegations.

75.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and therefore denies these allegations.

76.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint, and therefore denies these allegations.

77.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 77 of the Complaint, and therefore denies these allegations.

78.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 78 of the Complaint, and therefore denies these allegations.

79.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 79 of the Complaint, and therefore denies these allegations.

80.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use

of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 80 of the Complaint, and therefore denies these allegations.

81.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 81 of the Complaint, and therefore denies these allegations.

82.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 82 of the Complaint, and therefore denies these allegations.

83.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 83 of the Complaint, and therefore denies these allegations.

84.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 84 of the Complaint, and therefore denies these allegations.

85.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 85 of the Complaint, and therefore denies these allegations.

86.     Ericsson admits that Paragraph 86 purports to describe the contents of TS 38.321, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 86.

87.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 87 of the Complaint, and therefore denies these allegations.

88.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 88 of the Complaint, and therefore denies these allegations.

89.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 89 of the Complaint, and therefore denies these allegations.

90.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's making, using, and selling of Ericsson's equipment or by directing others to make, use, or sell Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 90 of the Complaint, and therefore denies these allegations.

91.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 91 of the Complaint, and therefore denies these

allegations.

92.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 92 of the Complaint, and therefore denies these allegations.

93.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 93 of the Complaint, and therefore denies these allegations.

94.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 94 of the Complaint, and therefore denies these allegations.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,841,958

95.     Ericsson incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

96.     Ericsson admits that, on its face, the '958 patent is titled "Access Node, a Method for an Access Node, a Wireless Terminal, and a Method for a Wireless Terminal."  Ericsson further admits that, on its face, a patent bearing U.S. Patent No. 10,841,958 appears to bear an issue date of November 17, 2020.

97.     Ericsson admits that Daingean purports to characterize the '958 Patent. To the extent a response is required, Ericsson denies the allegations in Paragraph 97.

98.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as

to the truth of the other allegations in Paragraph 98 of the Complaint, and therefore denies these allegations.

99.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 99 of the Complaint, and therefore denies these allegations.

100.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 100 of the Complaint, and therefore denies these allegations.

101.     Ericsson admits that Daingean purports to quote Claim 1 of the '958 Patent, which speaks for itself.

102.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint, and therefore denies these allegations.

103.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 103 of the Complaint, and therefore denies these allegations.

104.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 104 of the Complaint, and therefore denies these allegations.

105.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use

of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 105 of the Complaint, and therefore denies these allegations.

106.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 106 of the Complaint, and therefore denies these allegations.

107.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 107 of the Complaint, and therefore denies these allegations.

108.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 108 of the Complaint, and therefore denies these allegations.

109.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 109 of the Complaint, and therefore denies these allegations.

110.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 110 of the Complaint, and therefore denies these allegations.

111.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 111 of the Complaint, and therefore denies these allegations.

112.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 112 of the Complaint, and therefore denies these allegations.

113.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 113 of the Complaint, and therefore denies these allegations.

114.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 114 of the Complaint, and therefore denies these allegations.

115.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's making, using, and selling of Ericsson's equipment or by directing others to make, use, or sell Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 115 of the Complaint, and therefore denies these allegations.

116.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as

to the truth of the other allegations in Paragraph 116 of the Complaint, and therefore denies these allegations.

117.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 117 of the Complaint, and therefore denies these allegations.

118.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 118 of the Complaint, and therefore denies these allegations.

119.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 119 of the Complaint, and therefore denies these allegations.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,932,207

120.    Ericsson incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

121.    Ericsson admits that, on its, face, the '207 Patent is titled "Terminal Apparatus, Base Station Apparatus, Communication Method, and Integrated Circuit" and bears an issue date of February 23, 2021.

122.    Ericsson admits that Daingean purports to characterize the '207 Patent. To the extent a response is required, Ericsson denies the allegations contained in Paragraph 122.

123.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as

to the truth of the other allegations in Paragraph 123 of the Complaint, and therefore denies these allegations.

124.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 124 of the Complaint, and therefore denies these allegations.

125.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 125 of the Complaint, and therefore denies these allegations.

126.    Ericsson admits that Daingean purports to quote Claim 4 of the '207 Patent, which speaks for itself.

127.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Complaint, and therefore denies these allegations.

128.    Ericsson admits that Paragraph 128 purports to provide a figure from TS 38.300, which speaks for itself. To the extent that Daingean has mischaracterized such content, Ericsson denies the allegations in Paragraph 128. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 128 of the Complaint, and therefore denies these allegations.

129.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 129 of the Complaint, and therefore denies these allegations.

130.     Ericsson admits that Paragraph 130 purports to describe the contents of TS 38.321, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 130.

131.     Ericsson admits that Paragraph 131 purports to describe the contents of TS 38.321, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 131.

132.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 132 of the Complaint, and therefore denies these allegations.

133.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 133 of the Complaint, and therefore denies these allegations.

134.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 134 of the Complaint, and therefore denies these allegations.

135.     Ericsson admits that Paragraph 135 purports to describe the contents of TS 38.300 and TS 38.321, which speak for themselves. To the extent a response is required, Ericsson denies the allegations in Paragraph 135.

136.     Ericsson admits that Paragraph 136 purports to describe the contents of TS 38.321, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in

Paragraph 136.

137.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 137 of the Complaint, and therefore denies these allegations.

138.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 138 of the Complaint, and therefore denies these allegations.

139.    Ericsson admits that Paragraph 139 purports to describe the contents of TS 38.321, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 139.

140.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 140 of the Complaint, and therefore denies these allegations.

141.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 141 of the Complaint, and therefore denies these allegations.

142.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Complaint, and therefore denies these allegations.

143.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use

of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 143 of the Complaint, and therefore denies these allegations.

144.    Ericsson admits that Paragraph 144 purports to describe the contents of TS 38.331, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 144.

145.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 145 of the Complaint, and therefore denies these allegations.

146.    Ericsson admits that Paragraph 146 purports to describe the contents of TS 38.321, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 146.

147.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 147 of the Complaint, and therefore denies these allegations.

148.    Ericsson admits that Paragraph 148 purports to describe the contents of TS 38.331, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 148.

149.    Ericsson admits that Paragraph 149 purports to describe the contents of TS 38.331, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 149.

150.    Ericsson admits that Paragraph 150 purports to describe the contents of TS 38.321, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 150.

151.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 151 of the Complaint, and therefore denies these allegations.

152.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 of the Complaint, and therefore denies these allegations.

153.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's making, using, and selling of Ericsson's equipment or by directing others to make, use, or sell Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 153 of the Complaint, and therefore denies these allegations.

154.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 154 of the Complaint, and therefore denies these allegations.

155.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Complaint, and therefore denies these allegations.

156.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 156 of the Complaint, and therefore denies these

allegations.

157.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 157 of the Complaint, and therefore denies these allegations.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,134,400

158.    Ericsson incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

159.    Ericsson admits that, on its, face, the '400 Patent is titled "User Equipment, Base Station, Related Methods" and bears an issue date of September 28, 2021.

160.    Ericsson denies that it has infringed the '400 Patent.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 160 of the Complaint, and therefore denies these allegations.

161.    Ericsson admits that Daingean purports to characterize the '400 Patent. To the extent a response is required, Ericsson denies the allegations in Paragraph 161.

162.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 162 of the Complaint, and therefore denies these allegations.

163.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 163 of the Complaint, and therefore denies these allegations.

164.    Ericsson admits that Daingean purports to quote Claim 5 of the '400 Patent, which

speaks for itself.

165.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Complaint, and therefore denies these allegations.

166.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 166 of the Complaint, and therefore denies these allegations.

167.    Ericsson admits that Paragraph 167 purports to describe features of the 3GPP 5G standard, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 167.

168.    Ericsson admits that Paragraph 168 purports to describe features of the 3GPP 5G standard, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 168.

169.    Ericsson admits that Paragraph 169 purports to describe the contents of TS 36.300, which speaks for itself. To the extent that Daingean has mischaracterized such content, Ericsson denies the allegations in Paragraph 169.

170.    Ericsson admits that Paragraph 170 purports to describe the contents of TS 36.300, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 170.

171.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 171 of the Complaint, and therefore denies these allegations.

172.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 172 of the Complaint, and therefore denies these allegations.

173.     Ericsson admits that Paragraph 173 purports to describe the contents of TS 37.340, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 173.

174.     Ericsson admits that Paragraph 174 purports to quote the contents of TS 37.340, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 175.

175.     Ericsson admits that Paragraph 175 purports to describe the contents of TS 38.331, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 175

176.     Ericsson admits that Paragraph 176 purports to describe the contents of TS 38.331, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 176.

177.     Ericsson admits that Paragraph 177 purports to describe the contents of TS 38.331, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 177.

178.     Ericsson admits that Paragraph 178 purports to describe the contents of TS 38.331, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 178.

179.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use

of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 179 of the Complaint, and therefore denies these allegations.

180.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's making, using, and selling of Ericsson's equipment or by directing others to make, use, or sell Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 180 of the Complaint, and therefore denies these allegations.

181.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 181 of the Complaint, and therefore denies these allegations.

182.    Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Complaint, and therefore denies these allegations.

183.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 183 of the Complaint, and therefore denies these allegations.

184.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 184 of the Complaint, and therefore denies these allegations.

### COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 11,196,509

185.    Ericsson incorporates by reference its responses to each of the preceding paragraphs

of the Complaint.

186.    Ericsson admits that, on its face, the '509 Patent is titled "Terminal, Apparatus, Base Station Apparatus, and Communication Method" and bears an issue date of December 7, 2021.

187.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 187 of the Complaint, and therefore denies these allegations.

188.    Ericsson admits that Daingean purports to characterize the '509 Patent. To the extent a response is required, Ericsson denies the allegations contained in Paragraph 188.

189.    Ericsson admits that Paragraph 189 purports to describe the '509 Patent, which speaks for itself. To the extent that Daingean has mischaracterized such content, Ericsson denies the allegations in Paragraph 189.

190.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 190 of the Complaint, and therefore denies these allegations.

191.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 191 of the Complaint, and therefore denies these allegations.

192.    Ericsson admits that Daingean purports to quote Claim 10 of the '509 Patent, which speaks for itself.

193.    Ericsson admits that Paragraph 193 purports to describe features of TS 38.212, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 193.

194.    Ericsson admits that Paragraph 194 purports to describe features of TS 38.212, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 194.

195.    Ericsson admits that Paragraph 195 purports to describe features of TS 38.214, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 195.

196.    Ericsson admits that Paragraph 196 purports to describe features of TS 38.213, which speaks for itself. To the extent a response is required, Ericsson denies the allegations in Paragraph 196.

197.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 197 of the Complaint, and therefore denies these allegations.

198.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 198 of the Complaint, and therefore denies these allegations.

199.    Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 199 of the Complaint, and therefore denies these

allegations.

200.   Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 200 of the Complaint, and therefore denies these allegations.

201.   Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 201 of the Complaint, and therefore denies these allegations.

202.   Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 202 of the Complaint, and therefore denies these allegations.

203.   Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's making, using, and selling of Ericsson's equipment or by directing others to make, use, or sell Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 203 of the Complaint, and therefore denies these allegations.

204.   Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 204 of the Complaint, and therefore denies these allegations.

205.   Ericsson lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 182 of the Complaint, and therefore denies these allegations.

206.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 206 of the Complaint, and therefore denies these allegations.

207.     Ericsson denies that AT&T has infringed the Asserted Patents through AT&T's use of Ericsson's equipment.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 207 of the Complaint, and therefore denies these allegations.

## JURY DEMAND

208.     A response is not required to Daingean's demand for a jury trial.  To the extent a response is deemed required, Ericsson admits that Daingean demands a trial by jury, but denies that Daingean is entitled to any relief that it has requested in its Complaint.  Ericsson also demands a jury trial for all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## ANSWER TO DAINGEAN'S PRAYER FOR RELIEF

Ericsson denies that Daingean is entitled to the relief requested in Daingean's prayer for relief and, to the extent that such prayer contains factual allegations relating to AT&T arising from AT&T's purchase and/or use of Ericsson equipment, such allegations are denied.  Daingean's prayer for relief should be denied, with prejudice, in its entirety.  Daingean is not entitled to any relief, including any fees or costs.  Daingean's allegations of infringement, including its allegations of willful infringement, should be dismissed in their entirety.

## DEFENSES

Further answering the Complaint and as additional defenses thereto, Ericsson asserts the following defenses.  Ericsson does not intend hereby to assume the burden of proof with these

matters as to which, pursuant to law, Daingean bears the burden.  Ericsson reserves the right to add additional defenses and/or supplement its defenses, including (but not limited to) those related to unenforceability based upon inequitable conduct, as Ericsson learns additional facts.

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Non-Infringement)

AT&T has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, directly, indirectly, contributorily, or by inducement, either literally or by the doctrine of equivalents through its use of Ericsson equipment.  Further, Daingean is precluded under the doctrines of disclaimer and prosecution history estoppel from asserting a scope for any claim of the Asserted Patents that would encompass any AT&T product or service supplied to AT&T by Ericsson.

### THIRD DEFENSE
### (No Willful Infringement)

Daingean is not entitled to enhanced damages under 35 U.S.C. § 284 because Daingean has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

### FOURTH DEFENSE
### (Invalidity / Ineligibility)

Each claim of the Asserted Patents is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, but not limited to, the conditions of patentability set forth in 35 U.S.C. § § 101, 102, 103, and 112.  For example, each claim is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the application that issued as the Asserted Patents.

**FIFTH DEFENSE**
**(License, Exhaustion, or Failure to Mark)**

Daingean's claims are barred in whole or in part by one or more of the following: express or implied license (including any licenses executed by prior owners of the Asserted Patents), doctrine of patent exhaustion, failure to mark pursuant to the requirements of 35 U.S.C. § 287(a), and the single recovery rule.

**SIXTH DEFENSE**
**(Lack of Standing)**

To the extent that Daingean was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, Daingean lacks standing to bring one or more claims in this lawsuit. Daingean does not have the right to file suit for infringement as a "patentee" under Title 35 of the patent statute.

**SEVENTH DEFENSE**
**(Equitable Bars)**

Daingean's claims are barred in whole or in part by the doctrine of waiver, estoppel, prosecution laches, and/or other equitable doctrines, including inequitable conduct during prosecution of the Asserted Patents before the U.S. Patent and Trademark Office.

**EIGHTH DEFENSE**
**(Statute of Limitations)**

Any claim by Daingean for damages is limited by 35 U.S.C. §§ 252, 286, 287, or 307. Daingean is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

**NINTH DEFENSE**
**(Statutory Limitation)**

To the extent certain equipment accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government, Daingean's claims involving Ericsson equipment supplied to AT&T with respect to such equipment may not be pursued in this Court

and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### TENTH DEFENSE
### (No Injunctive Relief)

Daingean's claims are barred in whole or in part because Daingean is not entitled to injunctive relief.  Any alleged injury to Daingean is not immediate or irreparable and Daingean has an adequate remedy at law.

### ELEVENTH DEFENSE
### (Contractual Limitation on Damages – FRAND)

Daingean's claims for monetary relief are limited by its obligation to license the Asserted Patents on fair, reasonable, and non-discriminatory terms pursuant to the applicable standard setting organizations' intellectual property right policies.

### TWELFTH DEFENSE
### (Patent Ownership)

Daingean has failed to adequately plead ownership of the patents asserted in the Complaint.

### THIRTEENTH DEFENSE
### (No Exceptional Case)

Daingean cannot prove that this is an exceptional case justifying award of attorney fees against AT&T pursuant to 35 U.S.C. § 285.

### FOURTEENTH DEFENSE
### (Ensnarement)

Daingean cannot assert the claims of the Asserted Patents under the doctrine of equivalents to cover the accused products because such an asserted scope of equivalency would encompass or ensnare the prior art.

### INTERVENOR ERICSSON'S COUNTERCLAIMS

### THE PARTIES

1.      Intervenor Ericsson Inc. ("Ericsson") is a Delaware corporation with its principal

place of business at 6300 Legacy Drive, Plano, Texas 75024.

2.      Based on assertions by Daingean Technologies Ltd. ("Daingean" or "Plaintiff"), Daingean is a company duly organized and existing under the laws of Ireland with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.

3.      Based on the assertions by Daingean, Daingean has substantial rights and interest in U.S. Patent Nos. 8,576,803 ("the '803 Patent"), U.S. Patent No. 10,484,976 ("the '976 Patent"), U.S. Patent No. 10,841,958 ("the '958 Patent"), U.S. Patent No. 10,932,207 ("the '207 Patent"), U.S. Patent No. 11,134,400 ("the '400 Patent") and U.S. Patent No. 11,196,509 ("the '509 Patent") (collectively, the "Asserted Patents").

4.      Daingean has sued Ericsson's customers, AT&T Corp., AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services Inc. (collectively "AT&T") with respect to the Asserted Patents in the Eastern District of Texas Case No. 2:23-cv-00123 (the "AT&T Case").

5.      Daingean's Complaint in the AT&T Case alleges infringement based, in part, upon functionality implemented by network equipment and technology supplied by Ericsson to AT&T.

6.      In response, AT&T has tendered an indemnity demand to Ericsson with respect to the Asserted Patents.

## THE PARTIES

7.      This is an action for a declaration that Ericsson's products and services do not infringe each and every claim of the Asserted Patents.  Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

8.      Daingean is subject to personal jurisdiction of this Court by virtue of the Complaint for Patent Infringement ("Complaint") that Daingean filed in this Court in the AT&T Case.

9.      Under 28 U.S.C. §§ 1391 and 1400(b), venue is proper for Ericsson's counterclaims

against Daingean.

10.     Ericsson brings the following counterclaims against Daingean:

**COUNT ONE**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '803 PATENT)**

11.     Ericsson incorporates the preceding paragraphs by reference, as though fully set forth herein..

12.     Daingean has asserted that AT&T infringes the '803 Patent, directly and/or indirectly, either literally or under the doctrine of equivalents, through certain Accused Instrumentalities; specifically, Daingean appears to accuse AT&T network equipment supplied to AT&T by Ericsson of Infringement.

13.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '803 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

14.     Accordingly, there exists an actual and justiciable controversy with respect to infringement of the '803 Patent.

15.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '803 Patent.

**COUNT TWO**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '976 PATENT)**

16.     Ericsson incorporates the preceding paragraphs by reference, as though fully set forth herein..

17.     Daingean has asserted that AT&T infringes the '976 Patent, directly and/or indirectly, either literally or under the doctrine of equivalents, through certain Accused Instrumentalities; specifically, Daingean appears to accuse AT&T network equipment supplied to

AT&T by Ericsson of Infringement.

18.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '976 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

19.     Accordingly, there exists an actual and justiciable controversy with respect to infringement of the '976 Patent.

20.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '976 Patent.

## <u>COUNT THREE</u>
## <u>(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '958 PATENT)</u>

21.     Ericsson incorporates the preceding paragraphs by reference, as though fully set forth herein..

22.     Daingean has asserted that AT&T infringes the '958 Patent, directly and/or indirectly, either literally or under the doctrine of equivalents, through certain Accused Instrumentalities; specifically, Daingean appears to accuse AT&T network equipment supplied to AT&T by Ericsson of Infringement.

23.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '958 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

24.     Accordingly, there exists an actual and justiciable controversy with respect to infringement of the '958 Patent.

25.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '958 Patent.

**COUNT FOUR**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '207 PATENT)**

26.     Ericsson incorporates the preceding paragraphs by reference, as though fully set forth herein..

27.     Daingean has asserted that AT&T infringes the '207 Patent, directly and/or indirectly, either literally or under the doctrine of equivalents, through certain Accused Instrumentalities; specifically, Daingean appears to accuse AT&T network equipment supplied to AT&T by Ericsson of Infringement.

28.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '207 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

29.     Accordingly, there exists an actual and justiciable controversy with respect to infringement of the '207 Patent.

30.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '207 Patent

**COUNT FIVE**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '400 PATENT)**

31.     Ericsson incorporates the preceding paragraphs by reference, as though fully set forth herein..

32.     Daingean has asserted that AT&T infringes the '400 Patent, directly and/or indirectly, either literally or under the doctrine of equivalents, through certain Accused Instrumentalities; specifically, Daingean appears to accuse AT&T network equipment supplied to AT&T by Ericsson of Infringement.

33.     Ericsson has not infringed and does not infringe any valid and enforceable claim of

the '400 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

34.     Accordingly, there exists an actual and justiciable controversy with respect to infringement of the '400 Patent.

35.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '400 Patent.

## COUNT SIX
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '509 PATENT)

36.     Ericsson incorporates the preceding paragraphs by reference, as though fully set forth herein..

37.     Daingean has asserted that AT&T infringes the '509 Patent, directly and/or indirectly, either literally or under the doctrine of equivalents, through certain Accused Instrumentalities; specifically, Daingean appears to accuse AT&T network equipment supplied to AT&T by Ericsson of Infringement.

38.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '509 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

39.     Accordingly, there exists an actual and justiciable controversy with respect to infringement of the '509 Patent.

40.     A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '509 Patent.

## DEMAND FOR JURY TRIAL

Ericsson hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38 on all issues triable of right to a jury.

## <u>PRAYER FOR RELIEF</u>

Wherefore, Ericsson respectfully request that this Court enter Judgement and Order against Daingean as follows:

      a.      A declaration that Ericsson does not infringe the '803 Patent;

      b.      A declaration that Ericsson does not infringe the '976 Patent;

      c.      A declaration that Ericsson does not infringe the '958 Patent;

      d.      A declaration that Ericsson does not infringe the '207 Patent;

      e.      A declaration that Ericsson does not infringe the '400 Patent;

      f.      A declaration that Ericsson does not infringe the '509 Patent;

      g.      An Order declaring that this is an exceptional case and awarding Ericsson its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

      h.      Any such other relief as the Court may deem appropriate and just under the circumstances.

Dated: July 24, 2023

Respectfully submitted,

/s/ *Nicholas Mathews*

Nicholas Mathews (Lead Counsel)
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Joshua Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Matthew T. Cameron
Texas State Bar No. 24097451
mcameron@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8752

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

**ATTORNEYS FOR
INTERVENOR ERICSSON INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record via the Court's ECF system on July 24, 2023.


/s/ *Nicholas Matthews*
Nicholas Mathews