IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DAINGEAN TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC AND AT&T SERVICES INC., <br><br> Defendants, <br><br> ERICSSON INC., <br><br> Intervenor. | Civil Action No. 2:23-cv-00123-JRG <br><br> JURY TRIAL DEMANDED |

### MOVANT-INTERVENOR NOKIA OF AMERICA CORPORATION'S UNOPPOSED MOTION FOR LEAVE TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24, Movant-Intervenor Nokia of America Corporation ("Nokia") respectfully moves for leave to intervene[1] as a defendant in the above-titled case ("Nokia's Motion" or "Motion"). As detailed more fully below, Nokia has demonstrated Constitutional standing to intervene and satisfies the requirement for intervention as a matter of law under Federal Rule of Civil Procedure 24(a), and, alternatively, permissive intervention under Rule 24(b). For these reasons, and because Daingean Technologies Ltd. ("Daingean" or "Plaintiff") and Defendants AT&T Corp., AT&T Mobility LLC, AT&T Mobility II LLC and

---

[1] As explained in Nokia's Answer in Intervention, "Nokia's intervention in this case is limited to defending AT&T from and against claims arising out of or in connection with, in whole or in part, the products, software, services, or other information Nokia provides to AT&T."

1

AT&T Services Inc. (collectively, "AT&T" or "Defendants")[2] are <u>not opposed</u> to Nokia's intervention, Nokia respectfully requests that the Court grant it leave to intervene and file a responsive pleading in intervention within twenty-four (24) hours of its Motion being granted.[3]

## I.     INTRODUCTION

Plaintiff Daingean sued Defendant AT&T, one of Nokia's customers, on March 24, 2023, asserting a total of six patents (collectively, the "Asserted Patents"). *See* Dkt. No. 1 ("Compl." or "Complaint"). Ericsson Inc. moved to intervene in an unopposed motion, which the Court granted. Dkt. No. 36. Nokia seeks to intervene so that the dispute between Nokia and Daingean may be disposed of efficiently in the pending proceeding. None of the parties to this action oppose Nokia's Motion.

In its Complaint, Daingean alleges that AT&T infringes six patents by utilizing network equipment that, according to Daingean, "infringes directly" the Asserted Patents "in its implementation of AT&T's 5G Networks." Compl. at ¶¶ 45, 71, 124, 162, 190. Daingean proffers a list of accused generic network equipment that supposedly infringes the Asserted Patents, including "for example, base stations, cell towers, eNodeB, and/or gNodeB devices." Compl. at ¶ 103; *see also* Compl. at ¶¶ 166 (accusing "AT&T base station devices, such as gNodeBs (or gNBs), ngeNBs, eNodeBs (or eNBs), and/or en-gNBs). Nokia provides AT&T with certain of the network equipment that Daingean identifies in its Complaint. As a result of Nokia's supply of 5G telecommunications equipment to AT&T, AT&T has tendered a demand that Nokia indemnify

---

[2] Plaintiff's Complaint also included claims against AT&T Inc. and AT&T Communications LLC. The parties have, however, filed a joint stipulation pursuant to Fed. R. Civ. P. 41(a) dismissing these entities.

[3] In accordance with Federal Rule of Civil Procedure 24(c), a copy of Nokia's proposed Answer in Intervention and Counterclaims is attached as Exhibit 1.

and defend AT&T pursuant to the terms of the agreement under which Nokia supplies this network equipment.

Accordingly, Nokia seeks to intervene because it sells equipment and technology to AT&T that Daingean accuses of infringement. As the designer, manufacturer, and distributor of certain accused equipment and technology, Nokia has a substantial interest in the litigation and is in the best position to defend against certain of Daingean's claims. Nokia's Motion is timely, and no existing party will suffer prejudice if Nokia intervenes. Moreover, Nokia's intervention will not result in the case being delayed. Thus, Nokia respectfully requests the Court's permission to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) or, alternatively, that the Court allow intervention under Rule 24(b).

## II. STATEMENT OF FACTS

**Plaintiff Appears to Accuse AT&T Network Equipment Supplied to AT&T by Nokia of Infringement.[4]** Daingean accuses AT&T of infringing six U.S. patents because of AT&T's use of allegedly infringing cellular wireless networks. *See, e.g.*, Compl. at ¶¶ 46, 77, 92, 103, 117, 155, 166, 182, 205. Nokia supplies, among other things, certain equipment and technology incorporated by AT&T into these cellular networks. In general, this network equipment and technology is interoperable with certain aspects of the 3rd Generation Partnership Project standards ("3GPP") and fifth generation cellular network technology ("5G").

Nokia supplies several types of network equipment and technology to AT&T, and Nokia's entry into the case will facilitate discovery related to this equipment and technology. For example, for the Nokia-supplied equipment and technology, documents and other tangible evidence,

---

[4] The scope of Daingean's infringement allegations also includes certain network equipment and technology that AT&T may purchase from other suppliers, although Nokia lacks information about those other suppliers' network equipment and technology.

3

including equipment specifications, are in Nokia's possession, custody or control. As a result, Nokia's entry into the case should streamline and simplify this litigation, especially as it relates to the Nokia-supplied network equipment and technology that Daingean alleges to infringe in its Complaint.

For example, Nokia supplies base stations, including base transceiver stations ("eNodeBs" and/or "gNodeBs") to AT&T. These base stations are interoperable with certain aspects of 5G. In this case, Daingean asserts that AT&T infringes the Asserted patents "by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Instrumentalities," including "infringing activities" that involve AT&T's 5G base stations, some of which are supplied by Nokia. Compl. at ¶ 45, 63, 71, 91, 99, 116, 124, 154, 181, 204. In short, Nokia-supplied network equipment and technology is integral to the resolution of this case, and Nokia has a substantial interest in protecting its equipment and technology.

**AT&T Has Tendered an Indemnity Demand to Nokia, and Nokia Has a Substantial and Direct Interest in Protecting Its Customers' Use of Nokia Equipment and Technology.** Nokia's customer, AT&T, has demanded indemnification of all costs and expenses incurred or to be incurred by AT&T with respect to this action based on the parties' contractual agreement for AT&T's purchase of the network equipment and/or technology described above. Daingean's allegations, on their face, include assertions against network equipment and/or technology of the type that Nokia supplies.

**This Case Is at an Early Stage in the Litigation.** Currently no activity has occurred in this case that weighs against intervention. Daingean filed its Complaint on March 24, 2023, and AT&T answered on June 6, 2023. Dkt. Nos. 1 and 22, respectively. An initial scheduling conference was held on July 20, 2023. The docket control order, discovery order, and protective

4

order have very recently been entered. This case is at an early stage and intervention will cause no harm or delay to Daingean.

## III.    ARGUMENT

Nokia supplies base stations, including eNodeBs and gNodeBs, to AT&T that are incorporated by AT&T into AT&T's cellular networks. AT&T, who has been accused of infringement by the Plaintiff (*see generally* Dkt. No. 1), has tendered an indemnity demand to Nokia. This case thus presents a justiciable controversy as to Nokia. Nokia, as the designer, manufacturer, and distributor of base stations, including eNodeBs and gNodeBs, to AT&T, is in the best position to defend infringement claims against its equipment and technology. "'[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.'" *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737–38 (1st Cir. 1977)).

Nokia is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) and permissively under Rule 24(b). Nokia requests that the Court grant its Motion and permit intervention in this matter. Intervention will allow Nokia to protect its equipment and technology from a charge of infringement.

### A.    Mandatory Intervention

Federal Rule of Civil Procedure 24(a)(2) provides that

> [o]n timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A proposed intervenor is entitled to mandatory intervention if all of the following elements are satisfied:

> "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit."

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)).

Nokia satisfies each element required for intervention as a matter of right. First, Nokia's Motion is timely, as only five months have elapsed since Plaintiff filed its Complaint. *See e.g.*, *Edwards v. City of Houston*, 78 F.3d 983, 1000–01 (5th Cir. 1996) (en banc) (citing Fifth Circuit intervention cases finding that delays as long as five months or more are not unreasonable); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2017 U.S. Dist. LEXIS 201769, at *9 (E.D. Tex. 2017) (Gilstrap, J.) (finding that a period of four months did not constitute impermissible delay); *Ericsson Inc. v. D-Link Sys., Inc.*, No. 6:10-cv-473 (E.D. Tex. May 4, 2012), Dkt. No. 205 (granting Intel's partially opposed motion to intervene filed five months after the scheduling conference took place and nearly one year into the case). Furthermore, as Daingean does not oppose this Motion, there is no allegation that Plaintiff is prejudiced by the timing of Nokia's Motion. However, even if there were such an allegation, there is no basis for finding prejudice as discovery has just opened, claim construction has not begun, and the trial date is more than a year away. *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) ("Because the Association sought intervention before discovery progressed and because it did not seek to delay or reconsider phases of the litigation that had already concluded, the Association's motion was timely").

Second, Nokia has a substantial interest in defending its equipment and technology. Based on the allegations in Plaintiff's Complaint, it appears that Plaintiff is accusing Nokia base stations, including eNodeBs and gNodeBs, of infringing at least some of the Patents-in-Suit. Courts

6

routinely recognize that developers, manufacturers, and distributors of accused equipment and technology, such as Nokia, have a considerable interest in patent litigations against their customers. *See, e.g.*, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS 150649, at *13 (E.D. Tex. May 10, 2010) (Love, J.) ("[A] manufacturer such as Intel faces the loss of its customer base and reputation as a result of patent infringement allegations." (citation omitted)). Nokia also has a financial stake in this litigation, as AT&T has demanded indemnity from Nokia for its use of Nokia's equipment and technology. *See e.g.*, *First Gibraltar Bank v. Bradley*, No. 95-20500, 1996 U.S. App. LEXIS 43235, at *12 (5th Cir. Sept. 10, 1996) (unpublished) ("Given the agency's obligation to indemnify . . . , [the agency] had a concrete financial interest in the litigation that would justify its status as [an intervenor.]"); *Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs.*, No. 04-997, 2004 Dist. LEXIS 18277, at *2 (E.D. La. Sept. 10, 2004) (Where the named defendant "will seek indemnification against [the intervenor]," the interest requirement is met by the intervenor's "interest in having its obligations under the [indemnification agreement] established . . . .").

Third, Nokia's interests may be impaired because (1) Nokia's obligations may impute responsibilities for potential money judgments; (2) adverse rulings could impact Nokia's relationships with its customers; and (3) an adverse judgment could also create precedent that could be used against Nokia and its customers in other proceedings related to Nokia equipment, software, and technology. *See, e.g.*, *Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 424 (5th Cir. 2002) (The potential "stare decisis effect of an adverse judgment constitutes a sufficient impairment to compel intervention." (citation omitted)); *Katz*, 909 F.2d at 1464 ("'[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.'"

7

(citation omitted)); *Team Worldwide Corp.*, 2017 U.S. Dist. LEXIS 201769, at *13 ("[T]he ongoing sale and distribution of [the intervenor's] products is put at risk by [the plaintiff's] allegations of infringement.").

Finally, the existing parties are not situated to represent Nokia's interests. As the designer and manufacturer of equipment and technology at issue in this litigation, Nokia is uniquely situated to understand and defend its own products. Indeed, as the product designer and keeper of key relevant technical documents, Nokia is the single most important source of information about its equipment and technology. Thus, Nokia is capable of presenting a defense in support of its interests that could not be presented by AT&T alone. *See Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*, No. 3:04-cv-00669 (N.D. Tex. Jan. 28, 2005), Dkt. No. 50 at 5 (finding under the inadequate representation inquiry that "the customer would not be the best source for providing the detailed information about the [intervenor-manufacturer's] products."). Accordingly, Nokia has met its burden of demonstrating its need to independently defend its own equipment and technology.

### B. Permissive Intervention

A second, independent basis for granting Nokia's Motion is permissive intervention. Federal Rule of Civil Procedure 24(b) requires only that the prospective intervenor have "a claim or defense that shares with the main action a common question of law or fact," and that the motion for intervention be timely filed. The claims and defenses that Nokia intends to plead share an abundance of common questions of law and fact with the main action. For instance, Nokia will raise defenses of non-infringement and invalidity against the Plaintiff. The determination of validity necessarily involves the resolution of legal and factual issues within the scope of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. Any validity defense raised by AT&T will involve similar legal and factual issues. These overlapping factual issues are sufficient to warrant permissive intervention. *See Team Worldwide Corp.*, 2017 U.S. Dist. LEXIS 201769, at *19–20.

8

Moreover, as discussed in more detail above, Nokia's Motion is timely and will not unduly delay the proceedings or unduly prejudice the original parties, as evidenced by the fact that neither AT&T nor Daingean oppose this Motion. Furthermore, intervention in this case promotes both fairness and judicial economy given that Nokia's indemnification obligations to AT&T and that Nokia's equipment and technology is directly at issue in this litigation. As permissive intervention is "wholly discretionary," the lack of prejudice or delay and the promotion of fairness and judicial economy further support granting Nokia's Motion. *New Orleans Pub. Serv.*, 732 F.2d at 470–71.

## IV. CONCLUSION

For the foregoing reasons, Nokia respectfully requests that the Court enter an order granting Nokia leave to intervene, either as a matter of right under Federal Rule of Civil Procedure 24(a) or permissively under Rule 24(b). Nokia further requests that it be granted leave to file a responsive pleading in intervention within twenty-four (24) hours of its Motion being granted.

Dated: August 24, 2023

Respectfully submitted,

/s/ *Nicholas Mathews*
Nicholas Mathews (Lead Counsel)
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Joshua Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Matthew T. Cameron
Texas State Bar No. 24097451
mcameron@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8752

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

**ATTORNEYS FOR INTERVENOR NOKIA OF AMERICA CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on August 24, 2023.

                                                          */s/ Nicholas Matthews*
                                                          Nicholas Mathews

**CERTIFICATE OF CONFERNCE**

The undersigned hereby certifies that pursuant to Local Rules CV-7(h) and (i), counsel for Movant-Intervenor Nokia of America Corporation conferred with counsel for Defendant AT&T, as well as with counsel for Plaintiff Daingean regarding this Motion and all counsel indicated that they do not oppose the relief sought herein.

                                                          */s/ Nicholas Matthews*
                                                          Nicholas Mathews