IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DAINGEAN TECHNOLOGIES LTD., <br>    *Plaintiff,* <br><br> v. <br><br> AT&T CORP. *et al.*, <br><br>    *Defendants*, | § § § § § § § § § § § § CIVIL ACTION NO.  2:23-CV-00123-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Plaintiff Daingean Technologies LTD's Motion for Leave to Amend Infringement Contentions (**Dkt. No. 86**).  Also before the Court is a cross-motion by Defendant AT&T,[1] along with Intervenors Nokia of America Corporation and Ericsson, Inc., challenging the sufficiency of the proposed amendments pursuant to P.R. 3-1(c) (**Dkt. No. 88**). For the reasons discussed below, Plaintiff's Motion is **GRANTED** and Defendants' Motion is **DENIED**.

### I. BACKGROUND

Still active in this case are three patents: U.S. Patent Nos. 8,576,803; 10,841,958; and 10,484,976. Relevant and helpful for this motion are the breakdown of claim elements of Claim 12 of the '803 Patent, which is the only claim affected by the proposed amendment:

> 12[A] A base station for a communication system that includes a plurality of said base stations and mobile subscriber stations located respectively in areas corresponding to the plurality of said base stations,
>
> 12[B] each mobile subscriber station in each area transmitting a channel estimation signal to each said base station corresponding to the area and to base stations corresponding to areas contiguous to the area, wherein:
>
> 12[C] said base station transmits data to the mobile subscriber stations using a transmission beam that is directed to the mobile subscriber stations in the

---

[1] AT&T Corp., AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services Inc.

> corresponding area and is not directed to adjacent mobile subscriber stations in the areas contiguous to the corresponding area, the data being transmitted by the base station to the mobile subscriber stations on the basis of
>
> 12[D] the channel estimation signal received from the mobile subscriber station in an area corresponding to said base station,
>
> 12[E] the channel estimation signals received from the adjacent mobile subscriber stations in the areas contiguous to the area corresponding to said base station that are outside of the area corresponding to said base stations, and
>
> 12[F] an interference amount at the adjacent mobile subscriber stations in the areas contiguous to the area corresponding to the base station.

Dkt. No. 88 at 7 (emphasis removed); '803 Patent Cl. 12. Plaintiff's Motion seeks to amend the infringement contentions with regards to limitation 12[F], while Defendants' Motion objects to the amendment due to the interaction of limitations 12[D], [E], and [F] through 12[C]. Dkt. No. 86 at 4; Dkt. No. 88 at 10.

## II. ANALYSIS

Defendants assert that the contentions are deficient as they "do not come close to explaining how 12[D], 12[E], and 12[F] come together to form the single beam discussed in 12[C]." Dkt. No. 88 at 10 (filed March 8, 2024). Notably, Defendants do not oppose the amendment as to adding the new theory with regards to 12[F]. Dkt. No. 88 at 4. Defendants' objection stems from wanting an explanation of how the new 12[F] theory interacts with 12[D] and 12[E]. *Id.* Plaintiff responds that its original contentions of how the limitations are met have not changed since service on July 6, 2023. Dkt. No. 94 at 4. Instead, Plaintiff asserts that the amendment only adds a new way for 12[F] to be satisfied, leaving the original contentions otherwise unchanged. *Id.* In sum, Plaintiff contends that Defendants' lack of objection to the contention's explanation of how 12[D]-[F] combine until the instant motion to amend demonstrates that the explanation was reasonable. *Id.* at 4–5. Defendants argue in reply that the

2

objection could not have been raised because the "original contentions alleged that '803 patent was essential to the 5G standard." Dkt. No. 98 at 4.

The Court finds that the proffered amendments are sufficient pursuant to P.R. 3-1. Defendants' delay in objecting to the contention's explanation as to how 12[C] is satisfied by 12[D]-[F], coupled with Plaintiff's narrow amendment, which is not ultimately opposed, support a finding that the amendments are not in contravention of P.R. 3-1. *See E2E Processing, Inc. v. Cabela's Inc.*, 2016 WL 6217177, at *3 (E.D. Tex. 2016). Further, upon review of the contentions, while the limitations are mapped to the 5G standard, the Court does not find that the contentions refer to essentiality in a way that would have prevented Defendants from raising the objections sooner. *See* Dkt. No. 86-4. Finally, Defendants' only remaining objections to the amendments were grounded in the assumption that the amended contentions did not comply with P.R. 3-1. *See* Dkt. No. 88 at 11, 12–14; Dkt. No. 89 at 2.

Accordingly, Defendants' Cross-motion to Compel (Dkt. No. 88) is **DENIED** and Plaintiff's Motion for Leave to Amend Infringement Contentions (Dkt. No. 86) is **GRANTED**.

**SIGNED this 25th day of April, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE