<u>**PUBLIC REDACTED**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DAINGEAN TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC and AT&T SERVICES INC., <br><br> Defendants, <br><br> ERICSSON INC., <br><br> Intervenor, <br><br> NOKIA OF AMERICA CORPORATION, <br> Intervenor. | Case No. 2:23-cv-00123-JRG <br><br><br><br> JURY TRIAL DEMANDED |

<u>**MOTION FOR SUMMARY JUDGMENT #1: DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT**</u>

███████████

## **TABLE OF CONTENTS**

I.    Introduction ....................................................................................................................1

II.   Statement of Issues to Be Decided ..............................................................................2

III.  Statement of Undisputed Material Facts .....................................................................2

    A.    The Asserted Patent .........................................................................................2

    B.    The Accused Instrumentalities .........................................................................4

    C.    The Accused Beamforming Algorithms in AT&T's 5G NR Network ....................................................................................................................5

    D.    Daingean's Infringement Theory Regarding Claim Element 12[F] .................................................................................................................6

    E.    Daingean's Infringement Theory Regarding "the Mobile Subscriber Stations" to which the "Transmission Beam" Is Directed in Claim Element 12[C] ...............................................................7

IV.   Legal Standards ............................................................................................................8

V.    Argument ......................................................................................................................9

    A.    No Reasonable Jury Could Find that the Base Stations in AT&T's 5G NR Network Direct Transmission Beams "On the Basis of" Claim Element 12[F] ............................................................9

    B.    Daingean Has Not Identified Evidence that Any Base Station in AT&T's 5G NR Network "Transmits Data to the Mobile Subscriber Stations" Using the Claimed "Transmission Beam" .........................................................................................................13

VI.   Conclusion .................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
694 F.3d 1312 (Fed. Cir. 2012)....................................................................................8, 9

*Advanced Steel Recovery, LLC v. X-Body Equipment, Inc.*,
808 F.3d 1313 (Fed. Cir. 2015)........................................................................................8

*Apple Inc. v. MPH Technologies Oy*,
28 F.4th 254 (Fed. Cir. 2022) .......................................................................................13

*CommScope Techs. LLC v. Dali Wireless Inc.*,
10 F.4th 1289 (Fed. Cir. 2021) .....................................................................................11

*Lantech, Inc. v. Keip Mach. Co.*,
32 F.3d 542 (Fed. Cir. 1994)......................................................................................9, 11

*Novartis Corp. v. Ben Venue Labs. Inc.*,
271 F.3d 1043 (Fed. Cir. 2001)........................................................................................8

*Seal-Flex, Inc. v. Athletic Track and Court Const.*,
172 F.3d 836 (Fed. Cir. 1999)..........................................................................................9

*Superior Fireplace Co. v. Majestic Products Co.*,
270 F.3d 1358 (Fed. Cir. 2001)......................................................................................15

*Synchronoss Techs., Inc. v. Dropbox, Inc.*,
987 F.3d 1358 (Fed. Cir. 2021)........................................................................................9

*TechSearch, L.L.C. v. Intel Corp.*,
286 F.3d 1360 (Fed. Cir. 2002)......................................................................................11

*TQP Development, LLC v. Intuit Inc.*,
2:12–CV–180–WCB, 2014 WL 2810016 (E.D. Tex. June 20, 2014) (Bryson,
J., sitting by designation) ...............................................................................................8

**Other Authorities**

Fed. R. Civ. P. 56(a) .............................................................................................................8

Fed. R. Civ. P. 26(a)(2)(C) ...................................................................................................5

## I.    INTRODUCTION

Both parties agree that Claim 12 of the '803 Patent is analogous to a recipe for a transmission beam that is directed to mobile subscriber stations in a particular area. Dkt 94 at 1, 4; Dkt 88 at 1. To create the claimed transmission beam, the recipe calls for three ingredients. The final ingredient—labeled Claim Element 12[F]—is narrowly and specifically drawn to "an interference amount ***at** the adjacent **mobile subscriber stations** in the areas contiguous to the area corresponding to the base station." AT&T is entitled to summary judgment of non-infringement because there is no evidence that AT&T's 5G NR network forms transmission beams on the basis of "an interference amount ***at** the adjacent **mobile subscriber stations** . . .*"

Undisputed evidence shows that AT&T's 5G NR network does not direct transmission beams based on anything that could be reasonably characterized as interference "at the adjacent mobile subscriber stations," and Daingean does not argue otherwise. Instead, Daingean ignores the plain language of the claim and maps Claim Element 12[F] to alleged interference ***at the base station***—which is located in an "area" *different* from the "mobile subscriber stations." This assertion fails, as a matter of law, because Claim Element 12[F] requires an interference amount "*at* the adjacent <u>mobile subscriber stations</u>"—*not the <u>base station</u>*—and further requires that these mobile subscriber stations are physically located in different "areas" than "the area corresponding to the base station." As no reasonable jury could agree with Daingean's contention that alleged interference at the base station satisfies Claim Element 12[F], AT&T is entitled to summary judgment of non-infringement.

Daingean also ignores that the claimed "transmission beam" must be directed to "the mobile subscriber station<u>s</u>" pursuant to Claim Element 12[C]. AT&T does not practice this claim limitation because ███████████████████████████

1

██████████████████

██████████████████████████ Here, too, Daingean does not dispute the operation of AT&T's 5G NR network. Rather, Daingean's infringement theory is premised on replacing the plural claim term "the mobile subscriber station**s**" with its singular counterpart. As no reasonable jury could agree with Daingean's contention that Claim Element 12[C] is satisfied by a transmission beam directed to one—and only one—mobile subscriber station in light of the unambiguously plural requirement of the claim as written, AT&T is entitled to summary judgment of non-infringement.

## II.     STATEMENT OF ISSUES TO BE DECIDED

Issue No. 1: Whether AT&T is entitled to summary judgment of non-infringement because Daingean has no evidence that AT&T's 5G NR network directs a transmission beam to mobile subscriber stations on the basis of "an interference amount <u>at</u> the adjacent mobile subscriber stations in the areas contiguous to the area corresponding to the base station" as required by Claim Element 12[F].

Issue No. 2: Whether AT&T is entitled to summary judgment of non-infringement because Daingean has no evidence that AT&T's 5G NR network directs a transmission beam to multiple "mobile subscriber station<u>s</u>" as required by Claim Element 12[C].

## III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.     The Asserted Patent

1. The '803 Patent is entitled "Communication System." Ex. 1 ('803 Patent) at Cover. The sole asserted claim, Claim 12, is directed to a technique called "beamforming." At a high level, beamforming technology focuses wireless signals in a particular direction with the goal of targeting one or more receivers (*e.g.*, mobile device(s)) that are located in that direction.

2

2. Certain implementations of beamforming technology use information received from the target receiver(s) to "steer" the transmission beam in the right direction. Ex. 3 (Feuerstein Opening Rpt.) at ¶¶ 57, 65. One such input is called a "sounding reference signal" or "SRS."

3. Claim 12 is directed to an alleged improvement to SRS-based beamforming. Ex. 3 (Feuerstein Opening Rpt.) at ¶¶ 105, 115. In relevant part, the claim requires a base station that creates and directs a transmission beam to particular mobile subscriber stations "on the basis of" three inputs. Ex. 1 ('803 Patent) at Claim 12. As shown below, the transmission beam is described in claim element 12[C], while the three inputs used to form the transmission beam are set forth in claim elements 12[D], 12[E], and 12[F].[1]

| Element | Claim Language |
|---------|----------------|
| 12[A] | A base station for a communication system that includes a plurality of said base stations and mobile subscriber stations located respectively in areas corresponding to the plurality of said base stations, |
| 12[B] | each mobile subscriber station in each area transmitting a channel estimation signal to each said base station corresponding to the area and to base stations corresponding to areas contiguous to the area, wherein: |
| 12[C] | **said base station transmits data to the mobile subscriber stations using a transmission beam that is directed to the mobile subscriber stations in the corresponding area** and is not directed to adjacent mobile subscriber stations in the areas contiguous to the corresponding area, **the data being transmitted by the base station to the mobile subscriber stations on the basis of** |
| 12[D] | the channel estimation signal received from the mobile subscriber station in an area corresponding to said base station, |
| 12[E] | the channel estimation signals received from the adjacent mobile subscriber stations in the areas contiguous to the area corresponding to said base station that are outside of the area corresponding to said base stations, **and** |
| 12[F] | an interference amount at the adjacent mobile subscriber stations in the areas contiguous to the area corresponding to the base station. |

4. During prosecution, the Examiner issued a number of rejections based on the prior art. *See, e.g.*, Ex. 2 ('803 Prosecution History) at DAINGEAN 0005477-DAINGEAN 0005488. In the

---

[1] For consistency and ease of reference, AT&T has adopted Daingean's parsing of the claim language in this motion. *See, e.g.*, Ex. 3 (Feuerstein Opening Rpt.) at ¶¶ 154, 299.

██████████████

Examiner's statements regarding "allowable subject matter," the Examiner observed that "[t]he concept of adaptive beam forming is well known in the art." *Id*. at DAINGEAN_0005486. However, the Examiner indicated that "none of these prior arts teaches adaptive beam forming based on the interference level at an adjacent mobile station." *Id*. at DAINGEAN_0005487. Based on the Examiner's indication that "none of the prior art in the Office Action teaches adaptive beam forming based on the interference level at an adjacent mobile station," Mitsubishi amended Claim 12 to require "an interference amount at the adjacent mobile subscriber stations in the areas contiguous to the area corresponding to the base station." *Id*. at DAINGEAN_0005523-524. Following this claim amendment, the Examiner issued the Notice of Allowance for the '803 Patent. *Id*. at DAINGEAN_0005532.

**B.      The Accused Instrumentalities**

5. Daingean contends that AT&T directly infringes Claim 12 of the '803 Patent by using AT&T's 5G NR network in the United States. Ex. 3 (Feuerstein Opening Rpt.) at ¶¶ 2, 15. Daingean's infringement expert, Dr. Feuerstein, opines that ███████████████████ ██████████████████████████████████████████████████ ███████████████████████████ Ex. 3 (Feuerstein Opening Rpt.) at ¶¶ 154, 299. AT&T's alleged "use" of the claimed system is the sole basis for Daingean's contention that AT&T infringes the Asserted Claim. *See, e.g.*, Ex. 3 (Feuerstein Opening Rpt.) at ¶ 115 ██████████ ██████████████████████████████████████████████████ ██████████ ); *see also* Ex. 8 (Feuerstein Depo. Tr. (October 14, 2024)) at 30:5-10 ("█████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████ ").

4

████████████

6. With respect to the Ericsson equipment in AT&T's 5G NR network, Dr. Feuerstein opines that three features are relevant to infringement: (1) Advanced Downlink Single-User MIMO Mid-Band, (2) Advanced Downlink Multi-User MIMO Mid-Band, and (3) "Ericsson ████████████." Ex. 3 (Feuerstein Opening Rpt.) at ¶ 120. The third feature—"Ericsson ████████████"—is not supported by AT&T's 5G NR network and has never been used by AT&T to provide wireless services, whether for testing or any other purpose. Ex. 4 (Rule 26(a)(2)(C) Declaration of T. Henderson) at ¶ 4. In fact, Ericsson has placed restrictions on the "Ericsson ████████████" feature that prevent its U.S.-based customers, such as AT&T, from accessing any Ericsson software related to this feature. Ex. 5 (Rule 26(a)(2)(C) Declaration of S. Faxér) ¶ 6. Defendants are filing a motion for summary judgement related to the non-use of ████████████, along with a motion to strike Daingean's expert reports related thereto.

7. With respect to the Nokia equipment in AT&T's 5G NR network, Dr. Feuerstein opines that two features are relevant to infringement: (1) ████████ and (2) ████████. Ex. 3 (Feuerstein Opening Rpt.) at ¶¶ 142, 183.

8. Daingean does not rely on the doctrine of equivalents ("DOE") to show that AT&T's use of its 5G NR network satisfies any element of Claim 12 of the '803 Patent.

### C.    The Accused Beamforming Algorithms in AT&T's 5G NR Network

9. The base stations in AT&T's 5G NR network ████████████████████████ ████████████████████████████████████. Ex. 6 (van der Weide Rebuttal Rpt.) at ¶¶ 137-138. Ericsson base stations ████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████ *Id*. at ¶¶ 64-68. SRS transmissions from mobile devices in neighboring cells are not used in the accused Ericsson algorithms for calculating the beamforming weights. *Id*. at ¶¶ 72-

5



73. The accused Nokia beamforming algorithms ███████████████████████████████

████████████████████████████████████████████████████████████████████████████

███████████████████. *Id*. at ¶ 79, 93. Like the accused Ericsson beamforming algorithms, the

accused Nokia beamforming algorithms similarly do not use SRS from mobile devices in

neighboring cells to calculate the beamforming weights. *Id*. at ¶¶ 90-101.

### D.    Daingean's Infringement Theory Regarding Claim Element 12[F]

10. Daingean's infringement expert does not map Claim Element 12[F] to "an interference

amount" that is "**at** the adjacent **mobile subscriber stations** in the areas contiguous to the area

corresponding to the base station." Ex. 1 ('803 Patent) at Claim 12 (emphasis added). Instead, Dr.

Feuerstein maps this claim element to ███████████████████████████████████

██████ which is in a different "area" than the "mobile subscriber stations." Ex. 3 (Feuerstein

Opening Rpt.) at ¶ 281 (emphasis added). Dr. Feuerstein contends that such received

interference at the base station ██████████████████████████████████████

███████████████ *Id*. (emphasis added).

11. Specifically, Dr. Feuerstein argues that TDD systems (like the accused AT&T system)

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ Ex. 3

(Feuerstein Opening Rpt.) at ¶ 272 (emphasis added) (allegation specific to the Nokia equipment

in AT&T's 5G NR network); *see also id*. at ¶ 409 (advancing the same infringement theory for

Ericsson equipment in AT&T's 5G NR network).

12. Notwithstanding Dr. Feuerstein's allegation that interference at the base station can be

used as an "indirect" proxy for interference at adjacent mobile subscriber stations, the parties'

technical experts agree that the interference <u>at a base station</u> in one "area" is *not* the same as the interference <u>at adjacent mobile subscriber stations</u> in *different* "areas." Ex. 6 (van der Weide Rebuttal Rpt.) at ¶¶ 325-329; Ex. 7 (Kowalski Depo. Tr. (October 9, 2024)) at 15:3-15; Ex. 8 (Feuerstein Depo. Tr. (October 14, 2024)) at 118:5-24. For example, Dr. Feuerstein does not dispute there can be differences between the interference amounts at these different places and devices. Ex. 8 (Feuerstein Depo. Tr. (October 14, 2024)) at 118:17-24. Dr. Feuerstein also acknowledges that "██████████████████████████████████████████████ ███████████████████████████████████████." *Id.* at 114:18-115:10.

13. Dr. Feuerstein admits he did not identify any particular use of an AT&T base station where he confirmed that the interference <u>*at the base station*</u> in one "area" was the same as the interference <u>*at the mobile subscriber stations,*</u> in different "areas," with which the base station was communicating. *Id*. at 117:8-118:4. Dr. Feuerstein's opinion is that interference at the base station in one "area" is "████████████" to the interference amounts at mobile subscriber stations in *different* "areas" and thus is a "████████████" of such interference. *Id.* at 118:5-15.

**E.      Daingean's Infringement Theory Regarding "the Mobile Subscriber Stations" to which the "Transmission Beam" Is Directed in Claim Element 12[C]**

14. Claim Element 12[C] requires that "said base station ***transmits data to the mobile subscriber stations using a transmission beam that is directed to the mobile subscriber stations in the corresponding area*** and is not directed to adjacent mobile subscriber stations in the areas contiguous to the corresponding area, ***the data being transmitted by the base station to the mobile subscriber stations on the basis of***: [Claim Elements 12[D], 12[E], and 12[F]]." Ex. 1 ('803 Patent) at Claim 12 (emphasis added).

15. Daingean has not offered evidence that AT&T's 5G NR network satisfies Claim Element 12[C] by transmitting a transmission beam that is directed to multiple mobile subscriber

stations. Ex. 8 (Feuerstein Depo. Tr. (October 14, 2024)) at 156:17-25. Instead, Daingean's sole infringement theory for this claim limitation is premised on Dr. Feuerstein's opinion that the claim language does not require sending a single transmission beam to multiple mobile subscriber stations. *Id*. at 156:7-16.

## IV.     LEGAL STANDARDS

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Since the ultimate burden of proving infringement rests with the patentee, an accused infringer seeking summary judgment of noninfringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Labs. Inc*., 271 F.3d 1043, 1046 (Fed. Cir. 2001). The movant's initial burden "is not a heavy one." *TQP Development, LLC v. Intuit Inc.*, 2:12–CV–180–WCB, 2014 WL 2810016, at *10 (E.D. Tex. June 20, 2014) (Bryson, J., sitting by designation). The burden then shifts to the party opposing summary judgment "to set forth specific facts showing that there is a genuine dispute for trial." *Id*. (citing *Simanski v. Sec'y of Health & Human Servs*., 671 F.3d 1368, 1379 (Fed. Cir. 2012)). A finding of "non-infringement is proper when no reasonable jury could find that every limitation recited in a properly construed claim is found in the accused device either literally or under the doctrine of equivalents." *Advanced Steel Recovery, LLC v. X-Body Equipment, Inc*., 808 F.3d 1313 (Fed. Cir. 2015).

Determining whether a product or method literally infringes a patent is a two-step process. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc*., 694 F.3d 1312, 1319 (Fed. Cir. 2012). First, the Court must determine the proper construction of the asserted claims, which is a matter of law. *Id*. Second, the finder of fact must determine whether the asserted claim, as properly

8

construed, "reads" on the product or method. *Id*. To carry its burden, "a patentee must supply sufficient evidence to prove that the accused product or process contains . . . every limitation of the properly construed claim." *Seal-Flex, Inc. v. Athletic Track and Court Const.*, 172 F.3d 836, 842 (Fed. Cir. 1999). "For literal infringement, each limitation of the claim must be met by the accused device exactly, any deviation from the claim precluding a finding of infringement." *Lantech, Inc. v. Keip Mach. Co.*, 32 F.3d 542, 547 (Fed. Cir. 1994). Where, as here, a patentee asserts "[d]irect infringement by 'use' of a claimed system," the patentee must show "use of each and every element of the system." *Synchronoss Techs., Inc. v. Dropbox, Inc.*, 987 F.3d 1358, 1369 (Fed. Cir. 2021).

## V.    ARGUMENT

### A.    No Reasonable Jury Could Find that the Base Stations in AT&T's 5G NR Network Direct Transmission Beams "On the Basis of" Claim Element 12[F]

Claim Element 12[F]—which was added during prosecution to overcome the prior art and was the basis for the Examiner's Notice of Allowance—is narrowly and specifically drawn to directing "a transmission beam . . . on the basis of . . . an interference amount ***at the adjacent mobile subscriber stations*** in the areas contiguous to the area corresponding to the base station." Ex. 1 ('803 Patent) at Claim 12 (emphasis added). The base stations in AT&T's 5G NR network do not practice the literal language of this claim element, and Daingean does not argue otherwise. Instead, Daingean maps Claim Element 12[F] to ██████████████████████████████████ ████████████████████████████████████████████████████ ████████████████ are located. Ex. 3 (Feuerstein Opening Rpt.) at ¶ 281 (emphasis added). Even accepting Daingean's factual assertions as true, AT&T is entitled to summary judgment of non-infringement because no reasonable juror could find that received interference "at the base station" in a *different* "area" satisfies Claim Element 12[F].

9

In the context of Claim Element 12[F], the term "at" limits the claimed "interference amount" to specific devices in specific locations: "adjacent mobile subscriber stations in the areas contiguous to the area corresponding to the base station." Ex. 1 ('803 Patent) at Claim 12[F]. Daingean attempts to sidestep the claim language by arguing that interference amounts at the serving base station in one "area" "███████████████" to and are a "███████████" of the downlink interference amounts at the mobile stations in *different* "areas." Ex. 8 (Feuerstein Depo. Tr. (October 14, 2024)) at 118:5-24 (emphasis added); *see also, e.g.*, Ex. 3 (Feuerstein Opening Rpt.) at ¶¶ 281, 409.

Importantly, Daingean does not contend that the accused interference at the serving base station in one area is literally the same as the "interference amount at the adjacent mobile subscriber stations in the areas contiguous to the area corresponding to the base station." *See, e.g.*, Ex. 3 (Feuerstein Opening Rpt.) at ¶¶ 272, 281, 409. Nor could it. Both parties' technical experts agree that there are differences between interference at the serving base station in one area and interference at adjacent mobile subscriber stations in different areas. *See, e.g.*, Ex. 6 (van der Weide Rebuttal Rpt.) at ¶¶ 325-329; Ex. 7 (Kowalski Depo. Tr. (October 9, 2024)) at 15:3-15; Ex. 8 (Feuerstein Depo. Tr. (October 14, 2024)) at 118:5-24. At most, Daingean argues that ██████████ ███████████████████████████████████████████████" Ex. 3 (Feuerstein Opening Rpt.) at ¶ 125, based on an allegation that there is ████████████████████ ████████ when the base stations in AT&T's 5G NR network are operating in a TDD configuration. *Id*. at ¶ 272.[2]

---

[2] Due to an apparent misunderstanding of the reciprocity principle, Daingean's infringement expert significantly overstates the correlation between interference at the base station and interference at adjacent mobile stations. As a technical matter, the amount of interference at a base station cannot be used to infer the amount of interference at any adjacent mobile stations. *See* Ex. 6 (van der Weide Rebuttal Rpt.) at ¶¶ 325-329. However, the Court does not need to decide this factual issue

███████████

Daingean's assertion that AT&T's 5G NR network uses interference at the serving base station as an approximation of the interference at the adjacent mobile subscriber stations in *different* areas does not create a genuine issue of material fact because it does not satisfy the plain language of the asserted claim. It is Daingean's burden to show that "the properly construed claim reads on the accused device exactly." *CommScope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289, 1298 (Fed. Cir. 2021); *see also TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1373-74 (Fed. Cir. 2002) (affirming summary judgment of non-infringement where the patentee's expert "fail[ed] to recognize" a claim requirement). As Daingean's infringement theory is limited to literal infringement, "any deviation from the claim preclud[es] a finding of infringement." *Lantech*, 32 F.3d at 547. Daingean cannot carry its burden to show infringement because Claim Element 12[F] requires an interference amount "at adjacent mobile subscriber stations"—not at the serving base station in a *different* "area"—and further requires that such interference is determined "at . . . areas contiguous to the area corresponding to the base station." Ex. 1 ('803 Patent) at Claim 12[F]. There is no credible argument that received interference at the serving base station in an area different from the mobile subscriber stations satisfies either of these requirements.

The error in Daingean's infringement theory is reflected in Daingean's technology tutorial. As shown below, in its explanation of the three inputs to the claimed "transmission beam," Daingean describes the third input as an "███████████████████████████."

_____

here because there is no dispute that interference at the base station in one area is not literally the same thing as interference at adjacent mobile stations in different areas.

11



Ex. 9 (Daingean's Technology Tutorial) at 14 (emphasis added).

However, the actual claim language says no such thing. Claim Element 12[F] requires "an interference amount **at** adjacent mobile subscriber stations in the areas contiguous to the area corresponding to the base station." Ex. 1 ('803 Patent) at Claim 12[F] (emphasis added). This word choice is significant because it was added during prosecution to overcome an examiner rejection and is unique to the third input to the claimed "transmission beam." As shown below, Claim Elements 12[D] and 12[E] specify various "channel estimation signals" that are "from" mobile subscriber stations. By contrast, Claim Element 12[F] mandates "an interference amount" that is "at" a subset of these mobile subscriber stations:

> 12[D]: "the channel estimation signal received **from** the mobile subscriber station in an area corresponding to said base station,"

> 12[E]: "the channel estimation signals received **from** the adjacent mobile subscriber stations in the areas contiguous to the area corresponding to said base station that are outside of the area corresponding to said base stations," and

> 12[F]: "an interference amount **at** the adjacent mobile subscriber stations in the areas contiguous to the area corresponding to the base station."

Ex. 1 ('803 Patent) at Claim 12[D]-12[F] (emphasis added).

12

Claim Element 12[F] means what it says and requires an interference amount "at" adjacent mobile subscriber stations that are located in different areas than the base station. No reasonable jury could agree with Daingean's assertion that this limitation is satisfied by received interference at the base station. As a result, AT&T is entitled to summary judgment of non-infringement.

B.    **Daingean Has Not Identified Evidence that Any Base Station in AT&T's 5G NR Network "Transmits Data to the Mobile Subscriber Stations" Using the Claimed "Transmission Beam"**

In a similar vein to Daingean's failure to engage with the actual language of Claim Element 12[F], Daingean ignores that Claim Element 12[C] is specifically limited to a base station that transmits data to plural "mobile subscriber station**s** using a transmission beam that is directed to the mobile subscriber station**s** in the corresponding area." Ex. 1 ('803 Patent) at Claim 12[C] (emphasis added)." The plain language of this claim limitation requires directing the transmission beam to at least two "mobile subscriber stations." *See Apple Inc. v. MPH Technologies Oy,* 28 F.4th 254, 261-62 (Fed. Cir. 2022) ("In accordance with common English usage, we presume a plural term refers to two or more items. . . . This is simply an application of the general rule that claim terms are usually given their plain and ordinary meaning.") (collecting authority). Rather than engage with the actual claim language, Daingean's sole infringement opinion for Element 12[C] is that AT&T's 5G NR network transmits data using a transmission beam directed to one— and only one—mobile subscriber station. Ex. 8 (Feuerstein Depo. Tr. (October 14, 2024)) at 156:17-156:25.

Daingean's infringement theory for Claim Element 12[C] relies on a claim interpretation that Daingean did not raise during the claim construction process in this case. Specifically, Dr. Feuerstein replaces a plural claim term—"the mobile subscriber station**s**"—with its unclaimed, singular counterpart. Ex. 8 (Feuerstein Depo. Tr. (October 14, 2024)) at 155:10-156:6. Dr. Feuerstein reaches this conclusion based on his understanding that "[i]n both patent law generally

13

and the '803 claims specifically 'a' means 'one or more.'" Ex. 10 (Feuerstein Rebuttal Rpt.) at ¶ 23 (citing *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342 (Fed. Cir. 2008)). Applying his understanding of the law to Claim 12, Dr. Feuerstein opines that ███████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████     Ex. 10 (Feuerstein

Rebuttal Rpt.) at ¶ 23.

The problem with Dr. Feuerstein's interpretation of Claim Element 12[C] is he ignores that the key limitation is not "a transmission beam" (singular) but rather the key limitation is "the mobile subscriber station*s*" (plural) to which the claimed "transmission beam" is directed. Ex. 1 ('803 Patent) at Claim 12[C]. Even if Dr. Feuerstein is correct that "a transmission beam" means "one or more transmission beams," Claim Element 12[C] nonetheless requires at least one transmission beam that satisfies the claim language as a whole, including the requirement of "a transmission beam that is directed to the [plural] mobile subscriber station**s**." *Id*. (emphasis added). In fact, Claim Element 12[C] repeatedly and consistently limits the claimed transmission beam to multiple mobile subscriber stations:

> 12[C]: said base station **transmits data to the mobile subscriber stations using a transmission beam that is directed to the mobile subscriber stations** in the corresponding area and is not directed to adjacent mobile subscriber stations in the areas contiguous to the corresponding area, **the data being transmitted by the base station to the mobile subscriber stations** on the basis of [Claim Elements 12[D], 12[E], and 12[F]].

Ex. 1 ('803 Patent) at Claim 12[C] (emphasis added).

As shown above, the plain language of Claim Element 12[C] is not satisfied by a one-to-one ratio of a transmission beam to a mobile subscriber station. Instead, Claim Element 12[C] is directed to a narrower invention that requires transmitting data using a transmission beam directed

14

to at least two mobile subscriber stations. *See Superior Fireplace Co. v. Majestic Products Co.*, 270 F.3d 1358, 1375-1376 (Fed. Cir. 2001) (finding that changing a claim term from plural to singular would impermissibly broaden the scope of the claim). Because no reasonable jury could agree with Daingean's contention that a transmission beam directed to a single mobile subscriber station satisfies Claim Element 12[C], which requires transmitting "data to the mobile subscriber station*s* using a transmission beam that is directed to the mobile subscriber station*s*," AT&T is entitled to summary judgment of non-infringement.

## VI.    CONCLUSION

For the reasons set forth above, AT&T is entitled to summary judgment of non-infringement of Claim 12 of the '803 Patent.

15

Dated: October 17, 2024.

**MCKOOL SMITH, P.C.**

/s/ *Nicholas Mathews*
Nicholas Mathews (Lead Counsel)
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Eric Hansen
TX State Bar No. 24062763
ehansen@mckoolsmith.com
Alexander J. Chern
Texas State Bar No. 24109718
achern@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Joshua Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Matthew T. Cameron
Texas State Bar No. 24097451
mcameron@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8752

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Deron Dacus
ddacus@dacusfirm.com
State Bar No. 00790553
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701

Telephone: (903)705-1117
Facsimile: (903) 581-2543

**ATTORNEYS FOR DEFENDANTS
AT&T, INTERVENORS ERICSSON
INC. AND NOKIA OF AMERICA
CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on October 17, 2024.

/s/ *Nicholas Mathews*
Nicholas Mathews


**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Nicholas Mathews*
Nicholas Mathews