**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DAINGEAN TECHNOLOGIES LTD., | Case No. 2:23-cv-00123-JRG-RSP |
| *Plaintiff*, | |
| vs. | |
| AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC and AT&T SERVICES INC., | |
| | JURY TRIAL DEMANDED |
| *Defendants*, | |
| ERICSSON INC., | |
| *Intervenor*, | |
| NOKIA OF AMERICA CORPORATION, *Intervenor*. | |

**JOINT PRETRIAL ORDER**

Pursuant to the Second Amended Docket Control Order, (Dkt. 165) the parties submit the following:

**A. COUNSEL FOR THE PARTIES**

1. Plaintiff – Daingean Technologies Limited (referred to as "Daingean")

| | |
|---|---|
| Demetrios Anaipakos<br>Texas Bar No. 00793258<br>danaipakos@aatriallaw.com<br>Amir H. Alavi<br>Texas Bar No. 00793239<br>aalavi@aatriallaw.com<br>Michael McBride<br>Texas Bar No. 24065700<br>mmcbride@aatriallaw.com<br>Scott W. Clark<br>Texas Bar No. 24007003<br>sclark@aatriallaw.com<br>Connie Flores Jones | Andrea L. Fair<br>Texas Bar No. 24078488<br>andrea@millerfairhenry.com<br>Charles Everingham IV<br>Texas Bar No. 00787447<br>chad@millerfairhenry.com<br>MILLER FAIR HENRY PLLC<br>1507 Bill Owens Pkwy<br>Longview, Texas 75604<br>Telephone: (903) 757-6400<br>Facsimile:  (903) 757-2323 |

| | |
|---|---|
| Texas Bar No. 00793736<br>cfloresjones@aatriallaw.com<br>Masood Anjom<br>Texas Bar No. 24055107<br>manjom@aatriallaw.com<br>C. Ryan Pinckney<br>Texas Bar No. 24067819<br>rpinckney@aatriallaw.com<br>ALAVI & ANAIPAKOS PLLC<br>609 Main Street, Suite 3200<br>Houston, Texas 77002<br>Telephone: (713) 751-2362<br>Facsimile:  (713) 751-2341<br><br>Michael Heim<br>Texas Bar No. 09380923<br>mheim@hpcllp.com<br>Eric Enger<br>Texas Bar No. 24045833<br>eenger@hpcllp.com<br>R. Allan Bullwinkel<br>Texas Bar No. 24064327<br>abullwinkel@hpcllp.com<br>Alden Harris<br>Texas Bar No. 24083138<br>aharris@hpcllp.com<br>Blaine Larson<br>Texas Bar No. 24083360<br>blarson@hpcllp.com<br>Michael B. Dunbar<br>Texas Bar No. 24125213<br>mdunbar@hpcllp.com<br>HEIM PAYNE & CHORUSH LLP<br>609 Main Street, Suite 3200<br>Houston, Texas 77002<br>Telephone: (713) 221-2000<br>Facsimile:  (713) 221-2021 | |

2. Defendants – AT&T Corp., AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T

   Services Inc. (referred to collectively as "AT&T")

| | |
|---|---|
| Nicholas Mathews (Lead Counsel)<br>Texas State Bar No. 24085457<br>nmathews@McKoolSmith.com | Deron Dacus<br>ddacus@dacusfirm.com<br>The Dacus Firm, P.C. |

| | |
|---|---|
| Warren Lipschitz<br>Texas State Bar No. 24078867<br>wlipschitz@mckoolsmith.com<br>Eric Hansen<br>TX State Bar No. 24062763<br>ehansen@mckoolsmith.com<br>Alexander J. Chern<br>Texas State Bar No. 24109718<br>achern@McKoolSmith.com<br>**McKool Smith, P.C.**<br>300 Crescent Court Suite 1500<br>Dallas, TX 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-4044<br><br>Joshua Budwin<br>Texas State Bar No. 24050347<br>jbudwin@mckoolsmith.com<br>Matthew T. Cameron<br>Texas State Bar No. 24097451<br>mcameron@McKoolSmith.com<br>**McKool Smith, P.C.**<br>303 Colorado Street, Suite 2100<br>Austin, TX 78701<br>Telephone: (512) 692-8752<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@McKoolSmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@McKoolSmith.com<br>**McKool Smith, P.C.**<br>104 East Houston Street, Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Telecopier: (903) 923-9099 | sdacus@dacusfirm.com<br>State Bar No. 00790553<br>**THE DACUS FIRM, PC**<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Telephone: (903)705-1117<br>Facsimile: (903) 581-2543 |

3. Intervenor – Ericsson Inc. (referred to as "Ericsson")

| | |
|---|---|
| Nicholas Mathews (Lead Counsel)<br>Texas State Bar No. 24085457<br>nmathews@McKoolSmith.com<br>Warren Lipschitz | Deron Dacus<br>ddacus@dacusfirm.com<br>The Dacus Firm, P.C.<br>sdacus@dacusfirm.com<br>State Bar No. 00790553 |

<table>
<tr><td>

Texas State Bar No. 24078867
wlipschitz@mckoolsmith.com
Eric Hansen
TX State Bar No. 24062763
ehansen@mckoolsmith.com
Alexander J. Chern
Texas State Bar No. 24109718
achern@McKoolSmith.com
**McKool Smith, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Joshua Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Matthew T. Cameron
Texas State Bar No. 24097451
mcameron@McKoolSmith.com
**McKool Smith, P.C.**
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8752

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
**McKool Smith, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

</td><td>

**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903)705-1117
Facsimile: (903) 581-2543

</td></tr>
</table>

4.  Intervenor – Nokia of America Corporation (referred to as "Nokia")

<table>
<tr><td>

Nicholas Mathews (Lead Counsel)
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Warren Lipschitz

</td><td>

Deron Dacus
ddacus@dacusfirm.com
The Dacus Firm, P.C.
sdacus@dacusfirm.com
State Bar No. 00790553

</td></tr>
</table>

| | |
|---|---|
| Texas State Bar No. 24078867<br>wlipschitz@mckoolsmith.com<br>Eric Hansen<br>TX State Bar No. 24062763<br>ehansen@mckoolsmith.com<br>Alexander J. Chern<br>Texas State Bar No. 24109718<br>achern@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court Suite 1500<br>Dallas, TX 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-4044<br><br>Joshua Budwin<br>Texas State Bar No. 24050347<br>jbudwin@mckoolsmith.com<br>Matthew T. Cameron<br>Texas State Bar No. 24097451<br>mcameron@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>303 Colorado Street, Suite 2100<br>Austin, TX 78701<br>Telephone: (512) 692-8752<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@McKoolSmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street, Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Telecopier: (903) 923-9099 | **THE DACUS FIRM, PC**<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Telephone: (903)705-1117<br>Facsimile: (903) 581-2543 |

## B. STATEMENT OF JURISDICTION

This action arises under the patent laws of the United States, including 35 U.S.C. § 271 et

seq. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1338(a). For the purposes of this action only, the parties do not contest that this Court has personal jurisdiction over all parties.

## C. NATURE OF ACTION

This is a patent infringement case arising under the patent laws of the United States. Plaintiff Daingean Technologies Limited ("Daingean" or "Plaintiff") alleges that AT&T Corp., AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services Inc. (collectively "AT&T" or "Defendant") have infringed the following claim pursuant to 35 U.S.C. § 271(a): claim 12 of U.S. Patent No. 8,576,803 (the "'803 Patent"). Ericsson and Nokia intervened as defendants because Daingean accuses AT&T's use of 5G base stations within its network that Ericsson and Nokia supply to AT&T (collectively with AT&T, "Defendants"). The '803 Patent is referred to herein as the "Asserted Patent."

## D. CONTENTIONS OF THE PARTIES

The parties set forth below a summary of their contentions for trial. The parties do not necessarily agree with each other's summaries and contentions and reserve all objections.

### 1. Daingean's Contentions

The '803 Patent teaches a technique for improving efficiency of a frequency band while avoiding interference from other sectors of a system using the same band.

Daingean is a technology licensing company organized under the laws of Ireland, with its headquarters at The Hyde Building, Suite 2, The Park, Carrickmines, Dublin 18, Ireland.

Arigna Technology Limited ("Arigna") is a technology licensing company organized under the laws of Ireland, with its headquarters at The Hyde Building, Suite 2, The Park, Carrickmines, Dublin 18, Ireland.

Daingean owns all right, title and interest to the '803 Patent, including all rights to seek past and future damages by AT&T.

Daingean contends that AT&T has directly infringed Claim 12 of the '803 Patent.

Daingean contends that the '803 Patent has been issued by the United States Patent and Trademark Office ("USPTO") and is therefore entitled to a presumption of validity, and that Defendants cannot prove that Claim 12 of the '803 Patent is invalid

Daingean contends that it is entitled to reasonable royalty damages for AT&T's infringement of the '803 Patent, together with interest (both pre-judgment and post-judgment), including through expiration of the '803 Patent.

Daingean contends that Defendants cannot prove that Daingean's damages should be limited by 35 U.S.C. § 287.

Daingean contends that this case is an exceptional case, entitling Daingean to attorneys' fees pursuant to U.S.C. § 285.

Daingean disputes the contentions of Defendants and Intervenors set forth below.

**2. Defendants' and Intervenors' Contentions**

Defendants and Intervenors provide the following statement of contentions without waiver of any affirmative defense pled, any response given during discovery, or any opinion expressed by Defendants' and Intervenors' experts. By providing these contentions, Defendants and Intervenors do not waive any of their motions *in limine*, motions for summary judgment, *Daubert* motions or motions to strike; or any of its oppositions to Daingean's motions.

(1)    Defendants and Intervenors contend that they have not infringed the asserted claim of the Asserted Patent whether literally or under the doctrine of equivalents.

████████████████████████████████████████████

(2)    Defendants and Intervenors contend that they entitled to a declaratory judgment that they have not infringed, contributed to infringing, or induced infringement of the Asserted Patent.

(3)    Defendants and Intervenors contend that Daingean did not provide any pre-suit notice of any alleged infringement of the Asserted Patent. Defendants and Intervenors deny that they received notice of the '803 Patent before Daingean filed this suit on March 24, 2023. Defendants and Intervenors deny that they knew or should have known of any risk that they were infringing the Asserted Patents.

(4)    █████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████

(5)    Defendants and Intervenors contend that all asserted claims of the Asserted Patents are invalid as anticipated under 35 U.S.C. § 102.

(6)    Defendants and Intervenors contend that all asserted claims of the Asserted Patents are invalid as obvious under 35 U.S.C. § 103.

(7)    Defendants and Intervenors contend that all asserted claims of the Asserted Patent are invalid under 35 U.S.C. § 112 for failure to comply with the written description requirement.

(8)    Defendants and Intervenors contend that all asserted claims of the Asserted Patent are invalid under 35 U.S.C. § 112 because the asserted claims are not adequately enabled.

(9)    Defendants and Intervenors contend that all asserted claims of the Asserted Patent are invalid under 35 U.S.C. § 112 because the asserted claims are indefinite.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

(10)    Defendants and Intervenors contend that Daingean is not entitled to any of the recovery it seeks.

(11)    Defendants and Intervenors contend that Daingean's claims for relief for patent infringement related to the Asserted Patent are precluded, in whole or in part, as a result of licenses, covenants not to sue, or other similar encumbrances to the Asserted Patent.

(12)    Defendants and Intervenors contend that Daingean's claims for relief for patent infringement related to the Asserted Patent are precluded, in whole or in part, as a result of patent exhaustion.

(13)    Defendants and Intervenors contend that, if Nokia is not licensed under the '803 Patent, Daingean lacks standing to bring this action because the assignment to Daingean from Mitsubishi is void.

(14)    Defendants and Intervenors contend that Daingean's claims for relief are limited or barred in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

(15)    Defendants and Intervenors contend that Daingean is limited in its right to seek damages due to a failure to mark products covered by the Asserted Patent and because it failed to provide actual notice before serving the complaint.

(16)    Defendants and Intervenors contend that Daingean is not entitled to damages under 35 U.S.C. § 284, including but not limited to a reasonable royalty, on its claims of infringement of the Asserted Patent. To the extent damages are to be awarded based on infringement of the asserted claim of the Asserted Patent, Daingean's calculation of a reasonable royalty relies on an improper methodology and improper evidence, and Daingean has failed to provide a suitable basis on which damages may be properly calculated. Defendants and Intervenors contend in particular, as detailed in Defendants' and Intervenors' motion to exclude certain expert testimony of Stephen E. Dell,

Dkt. No. 198, that Daingean's damages theories are legally deficient and methodologically unsound and thus should be excluded from trial.

(17)    Defendants and Intervenors contend that Daingean is not entitled to pre-judgment or post-judgment interest or costs, including under 35 U.S.C. § 284.

(18)    Defendants and Intervenors contend that Defendants and Intervenors are entitled to recover their costs, including under 35 U.S.C. § 284.

(19)    Defendants and Intervenors contend that Daingean is not entitled to an award of its attorneys' fees under 35 U.S.C. § 285 or otherwise.

(20)    Defendants and Intervenors contend that Defendants and Intervenors are entitled to an award of their attorneys' fees under 35 U.S.C. § 285 or as otherwise authorized by law.

(21)    Defendants and Intervenors contend that they have engaged in all relevant activities in good faith.

(22)    Defendants and Intervenors contend that Daingean is not entitled to an accounting for damages.

(23)    Defendants and Intervenors contend that Daingean is not entitled to any damages, including supplemental damages post-verdict.

(24)    Defendants and Intervenors contend that Daingean is not entitled to supplemental and/or ongoing royalties.

(25)    Defendants and Intervenors contend that Daingean is not entitled to a compulsory ongoing licensing fee.

(26)    Defendants and Intervenors contend that Daingean is not entitled to declaratory, injunctive, or equitable relief of any kind.

(27)    Defendants and Intervenors contend that Daingean is not entitled to any other relief.

(28)     Defendants and Intervenors contend that they are not liable to Daingean under any cause of action or legal theory that Daingean asserts.

(29)     Defendants and Intervenors object to any of Daingean's contentions that were not properly pleaded and disclosed pursuant to the Federal Rules of Civil Procedure, and this Court's rules and orders.

(30)     Defendants and Intervenors object to any of Daingean's contentions regarding issues dismissed, withdrawn, or excluded by agreement and/or by the rulings of the Court.

(31)     Defendants and Intervenors object to any contention that is subject to a currently pending motion in this matter.

(32)     Defendants and Intervenors object to the relitigation of any issue that has already been determined by the Court.

To the extent not already addressed above, Defendants and Intervenors dispute Daingean's contentions.

## E.  STIPULATIONS AND UNCONTESTED FACTS

1.  Stipulations

The following stipulations are for the purposes of this case only.

(1)     U.S. Patent No. 8,576,803 (the "'803 Patent"), titled "Communication System," was filed on June 1, 2007 as U.S. Patent Application Number 12/600,900, and was issued by the USPTO on November 5, 2013.

(2)     The inventor of the '803 Patent is Toyohisa Tanaka.

(3)     On November 11, 2009, Toyohisa Tanaka assigned the patent application that would issue as the '803 Patent to Mitsubishi Electric Corporation ("Mitsubishi").

████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

(4)     Daingean provided AT&T actual notice of its alleged infringement on March 24, 2023 with the filing of the complaint in this action.

(5)     The parties will continue to meet and confer to attempt to resolve their objections to deposition designations, witnesses, and exhibits, and to identify additional potential stipulations, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

(6)     The parties agree to the following procedure that will govern the disclosure of witnesses, exhibits, deposition testimony, and demonstratives[1] to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

(7)     **Notification of Live Witnesses:**

    a.   A party will provide a list of witnesses that the party intends to call for direct examination, the order the party expects to call the witnesses, and the method of testimony (i.e., live or by deposition) by **7:00 p.m. CT** two (2) days before they are expected to testify. Any objections to a witness will be provided no later than **8:00 p.m. CT** the day before they are expected to testify. The parties are to meet and confer to resolve any objections at **9:00 p.m. CT** the day before the witness is expected to testify.

---

[1] "Demonstratives" as used in this document include without limitation all documentary (including any document not on the joint or party exhibit lists), graphic, slide, animation, video, and any other form of demonstratives, such as prototypes or physical devices, but do not include (1) demonstratives created in the courtroom during testimony or opening at trial (e.g. drawn on a whiteboard or notepad), or (2) the enlargement, highlighting, ballooning, underlining, or the like, of trial exhibits or transcripts of testimony so long as the demonstrative does not include a title or other notation.

██████████████████████████████████████

(8)    **Demonstratives:**

b.    Daingean's demonstratives will be identified by numbers prefixed with "PD." Defendants' and Intervenors' demonstratives will be identified by numbers prefixed with "DD."

c.    Demonstratives must be cleared of outstanding objections before being shown to the jury. Additionally, any transcripts of testimony (excluding testimony given during trial) must have been previously designated by the Parties and cleared of outstanding objections before being shown to the jury, except when properly used for purposes of impeachment.

d.    Demonstratives previously displayed in the course of the trial need not be disclosed again.

e.    Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party and will not be used by the opposing party if not used by the disclosing party.

f.    A party will provide demonstratives to be used in connection with direct examination, including indicating with which witness the demonstratives will be used, by **7:00 p.m. CT** the day before their intended use, and objections will be provided no later than 8**:00 p.m. CT** the day before their intended use. The parties are to meet and confer to resolve any objections at **9:00 p.m. CT** the day before the demonstratives' intended use. If good faith efforts to resolve objections to demonstratives fail, the objecting party shall bring its objections to the Court's attention by email by **10:00 p.m. CT** so that the Court can address any remaining disputes the next morning prior to any witnesses being called to the witness stand.

g.    If any of the demonstratives change after they have been provided to the opposing party, excluding non-substantive edits and typographical corrections, the party intending to use the demonstrative will promptly notify the opposing party of the change(s) to provide the opposing party with reasonable notice of the changes before the demonstratives are presented to the jury.

h.    Where a demonstrative refers to information found in a trial exhibit, the party offering the demonstrative will make a good faith effort to disclose to the other party all trial exhibits that form the basis of the demonstrative at the same time the party discloses the demonstrative.

i.    The party seeking to use demonstratives will provide a color representation of the demonstratives to the other side in PDF form. However, for video animations, the party seeking to use the demonstrative will provide it to the other side electronically via a secure file share or other similar method. Non-documentary demonstratives or live product demonstrations, such as physical exhibits, physical prior art or physical products must be made available for inspection by **7:00 p.m. CT** two nights before their intended use.  The Parties shall meet and confer regarding non-

documentary demonstratives or live product demonstrations by **9:00 p.m. CT** the night before their intended use .

j.   This provision does not apply to demonstratives created during testimony or demonstratives created live in Court, none of which need to be provided to the other side in advance of their use.

**(9)    Opening Statement:**

k.   The parties will exchange demonstratives to be used in opening statements by **4:00 p.m. CT** the day before opening statements. The parties will provide any objections to such demonstratives by **5:00 p.m. CT** on the day before opening statements. The parties are to meet and confer to resolve any objections to the demonstratives for opening statements at **6:00 p.m. CT** the day before opening statements. If good faith efforts to resolve objections to demonstratives to be used in opening statements fail, the objecting party shall promptly bring its objections to the Court's attention by email by **8:00 p.m. CT** so that the Court can address any remaining disputes on the morning of opening statements.

l.   This provision does not apply to demonstratives created during opening statements, which do not need to be provided to the other side in advance of their use.

m.   Demonstratives exchanged will not be used by the opposing party prior in their opening statements or jury selection and will not be used by the opposing party at all if not used by the disclosing party

n.   The parties agree that demonstratives the parties intend to use at trial do not need to be included on the joint or party exhibit lists, including the exhibit lists exchanged for pretrial disclosures and the final joint and party exhibit lists. The parties otherwise reserve all rights to object to any demonstrative.

**(10)   Closing Argument:**

o.   To the extent not previously disclosed, the parties will exchange copies of all demonstratives they plan to use for closing argument by **9:00 p.m. CST** the night before closing arguments. The parties shall meet and confer on any objections to closing argument demonstratives reasonably in advance of closing. This excludes anything the jury has already seen, including exhibits, demonstratives or trial testimony if limited to the trial testimony with the corresponding name of the witness name, position/title and picture of the witness, without any title or other notations.

**(11)   Exhibits:**

p.   A party will provide a list of exhibits to be used in connection with direct examination (whether live or by deposition), including indicating with which

witness the exhibit will be used, by **7:00 p.m. CT** the day before their intended use, and objections will be provided no later than **8:00 p.m. CT** the day before their intended use. The parties are to meet and confer to resolve any objections at **9:00 p.m. CT** the day before the exhibits' intended use. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention by email by **10:00 p.m. CT** so that the Court can address any remaining disputes prior to the witness being called to the witness stand.

q.  Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list. The parties' exhibit lists and the joint exhibit list include exhibits that may not necessarily be introduced into evidence. A party's failure to introduce any exhibit appearing on its list or the joint list shall not be commented on during trial except that a comment may be made if the exhibit was used in opening and then not explained to the jury by a witness at trial.

r.  The parties agree that they will not pre-exchange or identify exhibits to be used with any witness on cross examination. Documents proposed to be used with any witness on cross examination that a party seeks to enter into evidence must be on the joint or party exhibit lists.

s.  A legible copy of an exhibit may be offered and received into evidence in lieu of the original, unless a genuine question is raised as to the authenticity of the original, or in circumstances where it would be unfair to admit the copy in lieu of the original.

t.  Legible copies of U.S. patents, and the contents of associated file histories, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to admissibility of certified copies.

u.  For exhibits that are Excel spreadsheets, PowerPoint presentations, images, video files, or other electronic files, the parties may use electronic versions of such exhibits in their native format.

v.  None of the exhibit lists (including the joint list and each party's list) nor any portion thereof is admissible or may be presented to the jury without leave of Court. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.The parties will use their best efforts to ensure that only one version of a copy of a document is admitted into evidence. The parties agree that other versions of exhibits listed in the parties' exhibit lists that have been produced, cited, considered, or marked during the course of this litigation may be substituted for versions of exhibits listed therein with otherwise substantively identical documents.

w.  If a party provides a binder of exhibits to a witness prior to examination, the party will provide one copy to the other party.

**(12)    Deposition Testimony:**

x.    If a party identifies a witness that it intends to call to testify at trial by deposition, then the party shall identify the specific pages and lines of the witness's deposition testimony that the party expects to read or play by **7:00 p.m. CT** two (2) days before the trial day during which the deposition testimony is expected to be read or played. Counter designations and objections are due by **8:00 p.m. CT** the same evening and parties are to meet and confer to resolve any objections at **9:00 p.m. CT** the same evening. Any unresolved objection will be raised with the Court the next morning (the day before the designations are to be read or played)..

y.    The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, minus any attorney objections, and provide a final version of the video to the other party as soon as any final rulings are obtained from the Court and the video editing has been completed and to provide the video and transcript of the proffered testimony to the other party for review by **7:00 p.m. CT** the day before it is to be shown to the jury.

z.    Deposition video will include subtitles of the testimony at the bottom or side of the screen that matches the witness's testimony.

aa.    If any designated portions of deposition testimony to be presented at trial have been amended or corrected via errata, the party offering the errata must present the corresponding portions of the errata immediately after such deposition testimony is completed.

bb.    Deposition counter-designations will be counted against the designator's time. If the parties disagree as to the time allocation for any designations and counter-designations, including based on any optional completeness objections, the parties agree to raise the issue with the Court in advance of the deposition being presented to the jury. The designations and counter-designations must be presented in the order they appear in the transcript.

cc.    Colloquy between counsel and objections will be eliminated when the deposition is played by video.

dd.    In order to reduce the number of duplicative exhibits, where a deposition excerpt references a document by deposition exhibit number and that identical document was also marked as a different exhibit number for use at trial, a party may substitute the trial exhibit for the deposition exhibit.

ee.    Nothing in this provision shall preclude a party from using deposition testimony at trial for purposes of impeachment. However, nothing in this provision is intended to expand the scope of proper impeachment of a witness.

**(13)**      **Handling of Confidential Material and Source Code:**

ff.   The parties agree to request that the courtroom be sealed when a party's or non-party's confidential information, including all technical information and source code, evidence concerning highly sensitive business documents including but no limited to license agreements and financial information, testimony, or information, is expected to be presented. The Protective Order in this case (Dkt. 53) applies to all sealed pre-trial and trial proceedings (i.e., all provisions and obligations of the Protective Order apply to all individuals attending the sealed proceedings, including corporate representatives).

(14)     **Shared Electronic Versions of Displays:**

gg. The parties agree to provide electronic PDF versions of demonstratives displayed to the jury as soon practicable, but in no event later than **7:00 p.m. CT** on the day that the demonstratives are used.

(15)     **Motions:**

hh. All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) shall be brought to the Court orally.

ii.   The parties shall reserve all motions under Rule 50(a) until the close of all evidence. *See* Fed. R. Civ. P. 50(a)(2) ("A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury.").

(16)     The parties agree that a single attorney will handle each witness, regardless of the scope and number of issues on which that witness testifies. For example, if an expert witness is addressing both infringement and validity, only one attorney will be allowed to cross examine that witness.

2.  Uncontested Facts

## F. CONTESTED ISSUES OF FACT AND LAW

1. **Daingean's Statement of Contested Issues of Fact and Law**

a.   Whether AT&T infringes Claim 12 of the '803 Patent.

b.   Whether Defendants can show Claim 12 of the '803 Patent is not valid.

c.  Whether Daingean is entitled to damages to compensate for AT&T's infringement and, if so, the amount of such damages.

d.  Whether this case is an exceptional case entitling Daingean to attorneys' fees and costs and, if so, in what amount.

e.  Whether Daingean is entitled to pre- and post-judgment interest and, if so, in what amount.

**2.  Defendants' and Intervenors' Statement of Contested Issues of Fact and Law**

(1)  Whether Daingean has proven by a preponderance of the evidence that Defendants have directly infringed the asserted claims of the '803 Patent by using the '803 Accused Products.

(2)  Whether Defendants and Intervenors have proven by clear and convincing evidence that the asserted claims of the '803 Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103.

(3)  Whether Defendants and Intervenors have proven by clear and convincing evidence that the asserted claims of the '803 Patent are invalid based on a lack of written description under 35 U.S.C. § 112.

(4)  Whether Defendants and Intervenors have proven by clear and convincing evidence that the asserted claims of the '803 Patent are invalid based on lack of enablement under 35 U.S.C. § 112.

(5)  Whether Daingean is precluded from asserting the asserted claims of the '803 Patent against the '803 Accused Products under the doctrine of patent exhaustion.

(6)  Whether the assignment of the '803 Patent to Daingean from Mitsubishi is void, so that Daingean lacks standing to bring this action.

(7)      Whether Daingean is precluded from asserting the asserted claims of the '803 Patent against the '803 Accused Products and/or from relying on licensed products to prove any claim element or step of infringement because of a license, covenant not to sue, or other similar encumbrance to the '803 Patent.

(8)      Whether Daingean substantially complied with the marking requirement under 35 U.S.C. § 287 with respect to the '803 Patent.

(9)      Whether Daingean is limited in its right to seek damages related to the '803 Patent because it failed to mark products covered by the '803 Patent.

(10)     Whether Daingean is limited in its right to seek damages related to the '803 Patent because it failed to provide actual notice before the filing of the complaint.

(11)     Whether Daingean is entitled to a reasonable royalty under 35 U.S.C. § 284 for Defendants' and Intervenors' alleged infringement of the asserted claims of the '803 Patent, and if proven, the total amount of such royalty.

(12)     Whether Daingean has proven that it is entitled to costs.

(13)     Whether Daingean has proven that it is entitled to a post-trial award of ongoing royalties.

(14)     Whether Daingean has proven that it is entitled to an accounting for damages.

(15)     Whether Daingean has proven that it is entitled to supplemental damages post-verdict.

(16)     Whether Daingean has proven that it is entitled to a compulsory ongoing licensing fee.

(17)     Whether Daingean has proven that it is entitled to equitable relief.

(18)    Whether Daingean is entitled to its attorneys' fees, costs, and interest pursuant to 35 U.S.C. § 285.

(19)    Whether Defendants and Intervenors are entitled to its attorneys' fees, costs, and interest pursuant to 35 U.S.C. §§ 284 and 285.

## G.  LIST OF WITNESSES

### 1.  For Daingean

Daingean's witness list is attached hereto as **Exhibit A**. Daingean's deposition designations, Defendants' and Intervenors' objections and counter-designations, Daingean's objections to Defendants' and Intervenors' counter-designations and Daingean's counter-counter designations are attached hereto as **Exhibit B**.

### 2.  For AT&T, Ericsson, and Nokia

Defendants' and Intervenors' witness list is attached hereto as **Exhibit C**. Daingean's objections to Defendants' and Intervenors' witness list is attached as **Exhibit D**. Defendants' and Intervenors' deposition designations, Daingean's objections and counter-designations, Defendants' and Intervenors' objections to Daingean's counter-designations are attached as **Exhibit E**.

## H.  LIST OF EXHIBITS

The Parties Joint Exhibit List is attached as **Exhibit F**. Daingean's exhibit list, along with Defendants' and Intervenors' objections, is attached as **Exhibit G**. Defendants' and Intervenors' exhibit list, along with Daingean's objections is attached as **Exhibit H**. The parties continue to meet and confer to resolve objections to exhibits.

## I.  JURY INSTRUCTIONS

Attached as **Exhibit I** are the proposed jury instructions.

## J.  VERDICT FORM

Attached as **Exhibit J** is the proposed verdict form.

## K.  LIST OF ANY PENDING MOTIONS

| | Date | Dkt | Party | Motion Title |
|---|---|---|---|---|
| 1. | 09/04/2024 | 158 | Defendant | Defendants' Motion to Modify the Docket Control Order to Permit Limited Reopening of Discovery and Continue Dates Due to Daingean's Late Production of Complex Agreement Encumbering its Patents and Providing New Defenses |
| 2. | 10/07/2024 | 178 | Defendants | Motion to Strike Daingean's Untimely and Unauthorized Supplemental Expert Report |
| 3. | 10/07/2024 | 179 | Plaintiff | Motion for Leave to Serve Supplemental Kowalski Expert Report |
| 4. | 10/17/2024 | 192 | Plaintiff | Plaintiff Daingean's Motion to Strike Certain Opinions of Defendants' Expert Dr. van der Weide |
| 5. | 10/17/2024 | 194 | Plaintiff | Motion for Summary Judgment on Defendants'/Intervenors' License Defense and AT&T's Frand Counterclaim |
| 6. | 10/17/2024 | 195 | Plaintiff | Plaintiff Daingean's Motion to Strike Certain Opinions of Ericsson's Expert Sebastian Faxer |
| 7. | 10/17/2024 | 196 | Plaintiff | Daingean's Motion to Exclude Certain of Ms. Bennis's Opinions under *Daubert* |
| 8. | 10/17/2024 | 197 | Defendants | Motion to Strike 1: Regarding References to Ericsson's Non-Accused and Non-Implemented "Interference Sensing" Feature from the Feuerstein, Dell, and Kowalski Reports |
| 9. | 10/17/2024 | 198 | Defendants | Motion to Strike 2: Daubert Motion to Exclude Damages Expert Opinions of Stephen E. Dell |
| 10. | 10/17/2024 | 199 | Defendants | Motion to Strike 3: *Daubert* Motion to Exclude Expert Opinions of Dr. Kowalski Related to Technical Benefit of the '803 Patent |

███████████████████████████████████

|    | Date | Dkt | Party | Motion Title |
|----|------|-----|-------|--------------|
| 11. | 10/17/2024 | 200 | Defendants | Motion to Strike 4: Regarding Certain Portions of the Opening Expert Report of Martin J. Feuerstein for Introducing New Theories of Infringement |
| 12. | 10/17/2024 | 201 | Defendants | Motion for Summary Judgment 1: Defendant's Motion for Summary Judgment of Non-Infringement |
| 13. | 10/17/2024 | 202 | Defendants | Motion for Summary Judgment 2: Defendants' Motion for Partial Summary Judgment Regarding Non-Infringement Based on Non-Implemented and Never Used "Interference Sensing" Feature |
| 14. | 10/17/2024 | 203 | Defendants | Motion for Summary Judgment 3: Intervenor Nokia of America Corporation's Partial Motion for Summary Judgment of License and Exhaustion, or to Dismiss for Lack of Standing |
| 15. | 10/17/2024 | 204 | Defendants | Motion for Summary Judgment 4: Regarding Daingean's Use of Licensed Android Handsets in Its Infringement and Damages Theories |
| 16. | 10/17/2024 | 205 | Defendants | Motion for Summary Judgment 5: Regarding Daingean's Failure to Prove Infringement without Relying on Licensed Products |
| 17. | 10/21/2024 | 207 | Defendants | Motion To Enforce Mandatory Forum-Selection Clause Under § 1404(A) in Late-Produced Agreement That Now Accounts for The Majority Of Daingean's Claim |
| 18. | 10/22/2024 | 211 | Plaintiff | Plaintiff's Notice of Non-Compliance with Standing Order |
| 19. | 10/23/2024 | 214 | Plaintiff | Motion to Compel the AT&T and T-Mobile Defendants and Intervenor Ericsson to Produce Source Code and Related Documents for Ericsson's Interference Sensing Feature |
| 20. | 10/25/2024 | 229 | Defendants | Motion for Leave to File to File an Additional Motion to Strike, if Defendants did, Inadvertently, Exceed the Limit in the Standing Order |
| 21. | 11/12/2024 | 292 | Plaintiff | Plaintiff Daingean Technologies Ltd.'s Omnibus Motions *in Limine* |

███████████████████████

|     | Date       | Dkt | Party      | Motion Title                                                                 |
|-----|------------|-----|------------|------------------------------------------------------------------------------|
| 22. | 11/12/2024 | 293 | Defendants | Defendants' Additional Motions *in Limine*                                    |
| 23. | 11/13/2024 | 302 | Defendants | Defendants' Partially Opposed for Leave to Serve Supplemental Carpenter Report |

## L.  PROBABLE LENGTH OF TRIAL

The Parties estimate the probable length of the jury trial is 5 days (or 12 hours per side, excluding opening, closing and *voir dire*). The parties request 30 minutes per side for voir dire, 30 minutes per side for opening statements, and 45 minutes per side for closing statements.

## M. ADDITIONAL MATTERS FOR CONSIDERATION AT THE PRETRIAL CONFERENCE

The Parties request that the pending motions listed above be heard at or before the Pretrial Conference, as they would directly impact the trial.

## N.  CERTIFICATIONS

The undersigned counsel for each side of the parties in this action do hereby certify and acknowledge the following:

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2. Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3. Each exhibit in the List of Exhibits herein:

    a)  is in existence;

    b)  is numbered; and

    c)  has been disclosed and shown to opposing counsel.

Dated:  November 25, 2024

**APPROVED AS TO FORM AND SUBSTANCE:**

Attorneys for Plaintiff:     */s/  Amir H. Alavi*
                             Amir H. Alavi
                             Texas Bar No. 00793239
                             aalavi@aatriallaw.com
                             ALAVI & ANAIPAKOS PLLC
                             609 Main Street, Suite 3200
                             Houston, Texas 77002
                             Telephone: (713) 751-2362
                             Facsimile:  (713) 751-2341


Attorneys for Defendant:     */s/ Clare Churchman*
                             Clare Churchman
                             Texas State Bar No. 24132041
                             cchurchman@mckoolsmith.com
                             MCKOOL SMITH, P.C.
                             300 Crescent Court, Suite 1200
                             Dallas, Texas 75201
                             Telephone: (214) 978-4000
                             Facsimile:  (214) 978-4044

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on November 25, 2024, a copy of the foregoing was served electronically through the U.S. District Court, Eastern District of Texas ECF system to all counsel of record whom are Filing Users of the Court's Electronic Filing System.

                             */s/ Amir H. Alavi* _____
                             Amir H. Alavi