IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |  |
|---|---|---|
| DAINGEAN TECHNOLOGIES LTD., | § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | CIVIL ACTION NO.  2:23-CV-00123-JRG-RSP |
| AT&T INC., *et al*., | | |
| *Defendants*, | | |

## ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on July 22, 2025, and addressed the motions *in limine* filed by Plaintiff Daingean Technologies Ltd. (Dkt. No. 292) and Defendants AT&T Corp. *et al.* (Dkt. No. 293). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

**A.  Daingean's Motions *in Limine* (Dkt. No. 292, as modified by Dkt. No. 461)**

1. **Plaintiff's MIL No. 1** (**Agreed as follows**): Preclude evidence, testimony, or argument as to other lawsuits related to entities (other than Daingean) serviced by Atlantic IP or statement that Mr. Padian or Atlantic IP have created shell companies, a web of companies, or other statements that would unduly emphasize the number of companies owned by, or managed by, Mr. Padian or serviced by Atlantic IP, or the amount paid by Apple under the Apple agreement or the amount or percentage allocated to Daingean for the Apple

agreement. Nothing in the above prevents a party from discussing: (i) Mr. Padian's ownership interest in Daingean including any amounts he would stand to profit from this case, and through Croi III, (ii) the facts and circumstances by which Daingean became the owner of the '803 Patent, i.e., the facts and circumstances related to Arigna's purchase of certain patents from Mitsubishi, Arigna's dispute with Mitsubishi, and Mitsubishi's assignment of the '803 Patent to Daingean as a result of that dispute, or (iii) that there were other entities in addition to Daingean that were parties to the Apple agreement that owned patents and that Mr. Padian had direct or indirect ownership of such entities..

This motion *in limine* is **GRANTED** by agreement of the parties.

2. **Plaintiff's MIL No. 2**: Preclude evidence, testimony, or argument referring to any patent owned by Defendants/Intervenors, or claim charts thereto, including the number of 5G patents owned by Defendants/Intervenors and the total number of 5G patents, unless the specific patent or claim chart is relied upon by a damages expert as a technically comparable patent for purposes of relying on a license as comparable.

The parties "jointly stipulate and agree that the Court's rulings in the *Daingean v. T-Mobile* case shall apply for all purposes" to this MIL. Dkt. No. 461 at 2.

Thus, this motion *in limine* is **GRANTED** to the extent that Defendants are precluded from offering evidence or argument about the number of patents in the 5G standard generally, or the number of 5G patents held by Nokia or Ericsson. Any minimal relevance those numbers has is far outweighed by the risk of jury confusion and prejudice.

3. **Plaintiff's MIL No. 3**: Preclude evidence, testimony or argument that the '803 Patent is essential to any standard, including the 5G Standard.

The parties "jointly stipulate and agree that the Court's rulings in the *Daingean v. T-Mobile* case shall apply for all purposes" to this MIL. Dkt. No. 461 at 2.

Thus, this motion *in limine* is **DENIED**.

4. **Plaintiff's MIL No. 4**: Exclude expert testimony regarding Defendants' exhaustion defense.

This motion *in limine* is **GRANTED** to the extent that Defendants cannot ask their experts about exhaustion opinions that are not in their reports but can elicit testimony on this subject from Plaintiff's experts.

5. **Plaintiff's MIL No. 5** (Agreed): Preclude evidence, testimony, or argument regarding or suggesting that Daingean was legally obligated to provide pre-suit notice.

This motion *in limine* is **GRANTED** by agreement of the parties (Dkt. No. 335) as follows: "The parties agree to not introduce evidence, testimony, or argument regarding or suggesting that Daingean was legally obligated to provide pre-suit notice, but may introduce evidence, testimony, or argument regarding the date of first notice of infringement. Nothing in this *limine* is intended to address the issue of marking under 35 U.S.C. § 287 and both parties reserve their rights as to that issue."

B. **AT&T's Motions *in Limine* (Dkt. No. 293)**

1. **Defendants' MIL No. 1**: Exclude evidence, argument, testimony, or opinions about the technical benefits, infringement, or validity of the patent-in-suit from a Daingean fact witness outside of personal knowledge or 30(b)(6) testimony.

3

The parties "jointly stipulate and agree that the Court's rulings in the *Daingean v. T-Mobile* case shall apply for all purposes" to this MIL. Dkt. No. 461 at 2.

Thus, this motion *in limine* is **DENIED**, leaving Defendants to contemporaneous objections to improperly worded questions.

2. **Defendants' MIL No. 2**: Exclude evidence, argument, testimony, or opinions relating to large revenue amounts or purchase numbers.

This motion *in limine* was granted to the same extent as in the *T-Mobile* case.

Thus, this motion *in limine* is **GRANTED** in part as follows:

(1) Plaintiff may, on cross of Defendants' damages expert, raise licenses which an expert in this matter, for either side, has opined are technically comparable, in order to ask Defendants' damages expert why she did not include them in her assessment of comparability. Plaintiff may characterize these other licenses as having much larger royalty rates but *cannot state the financial terms* (since its own expert has not found them economically comparable) before the jury unless leave is granted based on Defendants having opened the door. This is to allow Plaintiff to pursue its theory that Ms. Bennis's opinion is not credible because she cherry-picked low dollar settlement licenses to support her damages analysis.

(2) Plaintiff may not show the jury the total revenue numbers for Defendants, nor the total 5G base station revenue, but must start with the revenue of the 5G base stations that are accused of practicing the '803 Patent's claimed technology, and are not licensed (e.g. by the Apple license), which is the royalty base. If Defendants open the door at trial by challenging the way that Mr. Dell reached

the royalty base, Plaintiff may seek leave to support his calculations with numbers otherwise excluded by this ruling.

(3)    Any further issues addressed in this MIL will be taken up solely through the pending Motion to Strike regarding Mr. Dell.

3. **<u>Defendants' MIL No. 3</u>** (Agreed): Exclude inflammatory comparisons of the burden of proof standards to other areas of law.

This motion *in limine* is **GRANTED** by agreement of the parties (Dkt. No. 335) as follows: "Neither party shall analogize the burdens of proof in this case to the burden of proof required in other civil contexts. With respect to voir dire, outside of the context of invalidity, a party may inquire whether a potential juror has been involved in litigation, i.e., either as a party or as a witness, close family member, or friend of a party or witness to a litigation, including generally whether members of the panel have experience in cases involving criminal law, family law, divorce, or civil commitment."

4. **<u>Defendants' MIL No. 4</u>**: Exclude evidence, argument, testimony, or opinions regarding an expert's prior retention by a party, Atlantic IP, a company related to Gerald Padian, or law firm in other matters.

This motion *in limine* is **GRANTED** by agreement (Dkt. No. 335) as follows:

"Neither party shall introduce evidence, argument, testimony, or opinions regarding an expert's prior retention by a party, Atlantic IP, a company related to Gerald Padian, or law firm in other matters." The Court declines Plaintiff's request to void its previous agreement.

5.  **Defendants' MIL No. 5**: Preclude evidence argument, testimony, or opinions regarding

Ericsson's unaccused and unreleased Interference Sensing Feature.

This motion *in limine* is **WITHDRAWN**. Dkt. No. 461 at 3.

 **SIGNED this 24th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE