**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DAINGEAN TECHNOLOGIES LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:23-CV-00123-JRG-RSP |
| | § | |
| AT&T INC., AT&T CORP., AT&T | § | |
| COMMUNICATIONS LLC, AT&T | § | |
| MOBILITY LLC, AT&T MOBILITY II | § | |
| LLC, and AT&T SERVICES INC., | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| ERICSSON INC. and NOKIA OF | § | |
| AMERICA CORP., | § | |
| | § | |
| *Intervenors.* | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff Daingean Technologies Ltd.'s Motion to Strike Certain Opinions of Defendants' Expert Dr. van der Weide. **Dkt. No. 192.** For the reasons discussed below, the Court **GRANTS** the Motion **IN PART.**

### I.    LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow*

*Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate

means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.    ANALYSIS

### A.

Daingean first moves to exclude Dr. van der Weide's opinions on non-infringement, § 112, and NIAs based on Dr. van der Weide's improper interpretation of claim 12 of the '803 Patent. Dkt. No. 192 at 6. Specifically, Daingean points to the limitation which reads "using a transmission beam that is directed to the mobile subscriber stations." *Id.*

In deciding Defendants' summary judgment motion (Dkt. No. 201), the Court has construed this claim limitation (Dkt. No. 511 at 7–10). The Court rejected Defendants' position as put forth by Dr. van der Weide. *Id.* The Court thus **STRIKES** any of Dr. van der Weide's opinions that contradict the Court's claim construction.

### B.

Second, Daingean moves to strike Dr. van de Weide's opinions that rely on Daingean's interpretation of the claim, which Dr. van de Weide disagrees with. Dkt. No. 192 at 10. This argument is also based on the "a transmission beam" language cited above.

As discussed above, the Court has addressed the construction of this limitation in resolving Defendants' summary judgment motion. Dkt. No. 511 at 7–10. To the extent Dr. van de Weide's opinions are consistent with the Court's constructions, he may offer disclosed opinions based on those constructions at trial, but he may not opine that he disagrees with those constructions.

**C.**

Next, Daingean moves to strike Dr. van der Weide's opinions about the "each mobile subscriber station" limitation as being impermissible claim construction opinions. Dkt. No. 192 at 12.

The Court also previously addressed this claim construction issue and rejected Dr. van der Weide's position. Dkt. No. 515 at 3-4. Thus, the Court **STRIKES** any of Dr. van der Weide's opinions that contradict the Court's claim constructions.

**D.**

Finally, Daingean again raises the issue of Dr. van der Weide providing opinions based on a claim interpretation that he disagrees with. Dkt. No. 192 at 15.

These opinions relate to a license defense based on Apple products and a claim construction issue, both of which the Court addressed. *See generally* Dkt. No. 511; *see also* Dkt. No. 515 at 3-4. The Court **STRIKES** any of Dr. van der Weide's opinions that contradict the Court's constructions, but does not exclude opinions that are consistent with the constructions.

**SIGNED this 21st day of August, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

4