IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DAINGEAN TECHNOLOGIES LTD.,** <br>       Plaintiff, <br>   vs. <br> **AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC AND AT&T SERVICES INC.,** <br>       Defendants. <br> **ERICSSON INC.,** <br>       Intervenor, <br> **NOKIA OF AMERICA CORPORATION,** <br>       Intervenor. | Civil Action No.  2:23-cv-123-JRG <br><br> **JURY TRIAL DEMANDED** |

### DECLARATION OF CLARE CHURCHMAN IN SUPPORT OF DEFENDANT AT&T'S BILL OF COSTS

I, Clare Churchman, hereby declare and state the following:

1. I am an attorney with the law firm of McKool Smith, PC. I submit this Declaration in support of Defendants' Unopposed Motion Regarding its Bill of Costs. I have personal knowledge of the facts set forth herein, except for those matters based on information and belief, and if called as a witness, I could and would competently testify thereto.

2. After a favorable jury verdict for AT&T (Dkt. 572), this Court issued a Final Judgment in favor of AT&T on November 12, 2025 (Dkt. 592), explicitly recognizing AT&T as the prevailing party and directing AT&T to file its proposed Bill of Costs.

3. The costs claimed by AT&T, to which it is entitled, are calculated in accordance with the Federal Rules of Civil Procedure 54(d) and 28 U.S.C. § 1920 *et seq*. The details of these amounts are summarized as follows:

1

| Taxable Event | Total Cost | Support |
|---|---|---|
| Transcript Fees | $67,925.32 | Schedule A |
| Witness Fees | $7,940.24 | Schedule B |
| Total Costs | $75,865.56 | Schedules A-B |

4.     In this Declaration, I address the costs incurred by AT&T, as summarized in the Motion and supporting spreadsheet attached as **Exhibit 1** and reflected in **Schedules A and B(1)-B(3)** annexed hereto. The total costs for which AT&T seeks reimbursement amount to $75,865.56.

5.     I have reviewed AT&T's Bill of Costs, including the Schedules and invoices attached thereto (Schedules A-B and their corresponding invoices). The costs enumerated in AT&T's Bill of Costs are correct and accurately stated, and were essential to and necessarily incurred in this action, and the services for which fees have been charged were actually and necessarily performed. Moreover, the costs listed are directly related to the claims made in this litigation. They are recoverable under 28 U.S.C. § 1920, Federl Rules of Civil Procedure 54, and applicable case law.

      **A.**     **Transcript Fees (Schedule A) – Total: $67,925.32**

6.     Pursuant to 28 U.S.C. § 1920(2) and Federal Rule of Civil Procedure 54, AT&T requests reimbursement of $67,925.32 for original deposition transcripts, pretrial hearing transcripts, and trial transcripts as detailed in Exhibit 1 and Schedule A.

7.     Where appropriate, AT&T has calculated a "Split Hearing Transcript Fee," a "Split Transcript Amount," or a "Split Video Amount" by dividing the transcript costs in half between T-Mobile and AT&T, to account for hearing and deposition transcripts that apply to both the instant action and the parallel litigation against T-Mobile. C.A. No. 2:23-cv-00347.

2

8. Certain of the costs reflected in Schedule A have been reduced by agreement of the parties.

9. True and correct copies of invoices supporting these costs are included in Schedule A, providing clear evidence for AT&T's entitlement to recover these transcript-related fees.

**B.  Witness Fees (Schedule B) – Total: $7,940.24**

10. AT&T requests reimbursement for witness fees totaling $9,022.49 under 28 U.S.C. § 1920(3) and 28 U.S.C. § 1821(c), covering expenses for experts: Melissa Bennis, Daniel van der Weide, and Paul Carpenter. These fees include travel, subsistence, and attendance fees, as detailed in Exhibit 1 and Schedule B.

11. True and correct copies of invoices supporting these costs are included in Schedule B, as detailed below, providing clear evidence for AT&T's entitlement to recover these witness-related fees.

12. Certain of the costs reflected in Schedule B have been reduced by agreement of the parties.

13. **Summary of Witness Expenses:** AT&T seeks to recover the following total expenses for each witness as per 28 U.S.C. § 1821(b) and (c), and the U.S. General Services Administration's rates for Marshall, Texas, for the FY 2025 period (October 1, 2024, to September 30, 2025).[1]

   **1.  Melissa Bennis's Expenses (Schedule B(1)) (Total: $2,102.97):**

14. **Travel Expenses:** Melissa Bennis, serving as an expert witness for AT&T, traveled from Chicago, IL to the trial site in Marshall, TX, and incurred travel expenses totaling $1,712.91,

---

[1] *See* https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-ratesresults?action=perdiems_report&fiscal_year=2025%20(Current%20fiscal%20year)&city=marshall&state=TX&zip=  (last visited on August 27, 2025).

including: car services from her home to the Chicago airport, roundtrip airfare from Chicago, IL to Shreveport, LA, related rental car fees, and car service from the Chicago airport to her home. *See* Exhibit 1 and Schedule B(1) for detailed calculations. These costs align with 28 U.S.C. § 1821(c)'s provision for full reimbursement of travel expenses. At Plaintiff's request, and to resolve any dispute, AT&T is seeking 1/3 of the actual costs for a total of $570.97.

15. **Attendance Fees**: For her 1-day deposition and 7-day presence at the trial, Ms. Bennis's attendance fees total $1090.00. This amount includes a witness fee of $320.00, calculated at the statutory daily rate of $40 for 8 days, as set by 28 U.S.C. § 1821(b), and a lodging fee of $770.00 calculated based on the U.S. General Services Administration's FY 2025 per diem lodging rate of $110 for 7 days for Marshall, Texas.[2]

16. **Subsistence Allowance:** The subsistence allowance for Ms. Bennis is $442.00, calculated based on the U.S. General Services Administration's FY 2025 per diem rates for Marshall, Texas of $51 for the first and last days of travel and $68 for all other days.[3]

17. The combined total of travel, attendance, and subsistence expenses for Ms. Bennis is $2,102.97, as detailed in Exhibit 1 and Schedule B(1). This sum represents the comprehensive costs incurred by AT&T for Ms. Bennis's participation as a witness.

2. **Mr. Carpenter's Expenses (Schedule B(2)) (Total: $3,120.71):**

18. **Travel Expenses**: Mr. Carpenter, serving as an expert witness for AT&T, traveled from London, UK to the trial site in Marshall, TX, and incurred travel expenses totaling $3,120.71, including: car service from his home to the London airport, roundtrip airfare from London, UK to Dallas, TX, rental car fees and gas expenses, and car service from the London airport to his home. *See* Exhibit 1 and Schedule B(2) for detailed calculations. These costs align with 28 U.S.C.

---

[2] *Id*.
[3] *Id*.

§ 1821(c)'s provision for full reimbursement of travel expenses. At Plaintiff's request, and to resolve any dispute, AT&T is seeking 1/3 of Mr. Carpenter's actual airfare costs for a total of $1,548.71.

19. For his two 1-day depositions and 7-day presence at the trial, Mr. Carpenter's attendance fees total $1,130.00. This amount includes a witness fee of $360.00, calculated at the statutory daily rate of $40 for 9 days, as set by 28 U.S.C. § 1821(b), and a lodging fee of $770.00 calculated based on the U.S. General Services Administration's FY 2025 per diem lodging rate of $110 for 7 days for Marshall, Texas.[4]

20. **Subsistence Allowance:** The subsistence allowance for Mr. Carpenter is $442.00, calculated based on the U.S. General Services Administration's FY 2025 per diem rates for Marshall, Texas of $51 for the first and last days of travel and $68 for all other days.[5]

21. The combined total of travel, attendance, and subsistence expenses for Mr. Carpenter is $3,120.71, as detailed in Exhibit 1 and Schedule B(2). This sum represents the comprehensive costs incurred by AT&T for Mr. Carpenter's participation as a witness.

### 3. Dr. van der Weide's Expenses (Schedule B(3)) (Total: $2,716.56)

22. **Travel Expenses:** Dr. van der Weide, serving as an expert witness for AT&T, traveled from Madison, WI, to the trial site in Marshall, TX, and incurred travel expenses totaling $1,184.56, including: roundtrip airfare from Madison, WI to Shreveport, LA, and rental car fees. *See* Exhibit 1 and Schedule B(3) for detailed calculations. These costs align with 28 U.S.C. § 1821(c)'s provision for full reimbursement of travel expenses. At Plaintiff's request, and to resolve any dispute, AT&T is seeking 1/3 of Dr. van der Weide's actual airfare costs for a total of $1,184.56.

---

[4] *Id*.
[5] *Id*.

23.     **Attendance Fees**: For his 1-day deposition and 7-day presence at the trial, Dr. van der Weide's attendance fees total $1090.00. This amount includes a witness fee of $320.00, calculated at the statutory daily rate of $40 for 8 days, as set by 28 U.S.C. § 1821(b), and a lodging fee of $770.00 calculated based on the U.S. General Services Administration's FY 2025 per diem lodging rate of $110 for 7 days for Marshall, Texas.[6]

24.     **Subsistence Allowance:** The subsistence allowance for Dr. van der Weide is $442.00, calculated based on the U.S. General Services Administration's FY 2025 per diem rates for Marshall, Texas of $51 for the first and last days of travel and $68 for all other days.[7]

25.     The combined total of travel, attendance, and subsistence expenses for Dr. van der Weide is $2,716.56, as detailed in Exhibit 1 and Schedule B(3). This sum represents the comprehensive costs incurred by AT&T for Dr. van der Weide's participation as a witness.

**C.     Summary**

26.     In summary, AT&T respectfully seeks a full reimbursement of $75,865.56, in accordance with pertinent legal provisions and rulings.

27.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and this declaration was executed on November 26, 2025, in Dallas, Texas.

*/s/ Clare Churchman*
Clare Churchman

---

[6] *Id*.
[7] *Id*.